Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
THE RYAN FIRM
A Professional Corporation
2603 Main St, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant The Bank Of New York Mellon, Formerly Known As The Bank Of New York As Successor In Interest To JPMorgan Chase Bank, N.A. As Trustee For Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2

# IN THE CENTRAL DISTRICT OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA L BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2, and Does 1-100 inclusive<br><br>Defendants. | CASE NO.:<br>State Court Case No.: 30-2020-01159870<br><br>Date Action File: September 30, 2016<br><br>**NOTICE OF REMOVAL**<br>**[DIVERSITY JURISDICTION]**<br><br>Trial Date:          None set. |

1

THE RYAN FIRM
A Professional Corporation

To the Clerk of the United States District Court for the Central District of California:

Defendant The Bank Of New York Mellon, Formerly Known As The Bank Of New York As Successor In Interest To JPMorgan Chase Bank, N.A. As Trustee For Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("BONYM") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b).

## STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL

1.     The action pending in the Superior Court of the State of California for the County of Orange, entitled *Brown v. The Bank of New York Mellon* (Case No. 30-2020-01159870), was filed by plaintiff Cynthia Brown ("Plaintiff") on September 30, 2020.

2.     BONYM submits this notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1332(a) on grounds that the plaintiff and BONYM are each citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.  (Compl. at 1 (demand for $15,000,000.00).)

3.     Plaintiff is a resident of the State of California; residing in Villa Park, Orange County, CA. (Compl., ¶1.)

4.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.     BONYM is a corporation organized under the laws of the State of New York with its principal place of business in New York.  (Compl. ¶31.)

6.     Thus, for purposes of diversity jurisdiction, BONYM is a citizen of New York and Plaintiff is a citizen of California.

7.     Total diversity exists and the amount in controversy requirement is met.

8.     BONYM has no been served with the summons or complaint in this matter and the removal is timely.

2

9.     Attached hereto as Exhibit 1 is a true and correct copy of the complaint filed in the state court in this matter.

DATED: October 5, 2020                          THE RYAN FIRM
                                                A Professional Corporation


                                                By:_____/s/ Andrew Mase_____
                                                   TIMOTHY M. RYAN
                                                   ANDREW J. MASE
                                                   Attorneys for Defendant The Bank Of
                                                   New York Mellon, Formerly Known
                                                   As The Bank Of New York As
                                                   Successor In Interest To JPMorgan
                                                   Chase Bank, N.A. As Trustee For
                                                   Structured Asset Mortgage
                                                   Investments II Inc. Bear Stearns ALT-
                                                   A Trust 2006-2, Mortgage Pass-
                                                   Through Certificates, Series 2006-2

THE RYAN FIRM
A Professional Corporation

Notice of Removal

# EXHIBIT 1

# EXHIBIT 1

1  Cynthia L. Brown
   P.O. Box 4806
2  Orange, CA 92863
   714-618-2034
3

4  Party

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**SEP 1 1 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY _____ ,DEPUTY

5

6                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                         **FOR THE COUNTY OF ORANGE**   30-2020

8  Cynthia L. Brown,                          )  Case No.   0 1 1 5 9 8 7 0
                                              )
9                                             )  **COMPLAINT TO SET ASIDE AND VACATE**
                                              )  **UNLAWFUL DETAINER JUDGMENT FOR:**
10              Plaintiff,                     )
                                              )
11                                            )
                                              )
12      vs.                                   )  1.  **Identity Theft (PC§530.5)**
                                              )  2.  **Lack Of Standing To Sue Plaintiff**
13  BANK OF NEW YORK MELLON,                  )  3.  **Lack Of Subject-Matter Jurisdiction**
    FORMERLY KNOWN AS THE BANK OF             )  4.  **Extrinsic Fraud Or Mistake**
14  NEW YORK AS SUCCESSOR IN INTEREST)        )  5.  **Department Business Oversight – Desist and**
    TO JPMORGAN CHASE BANK, N.A. AS           )      **Refrain, Orders**
15  TRUSTEE  FOR STRUCTURED ASSET             )  6.  **Void And Unenforceable Contract**
    MORTGAGE INVESTMENTS II INC. BEAR }       )  7.  **Notary Malfeasance**
16  STEARNS ALT-A TRUST 2006-2,               )
    MORTGAGE PASS-THROUGH                     )
17  CERTIFICATES, SERIES 2006-2, and DOES )   )  **CIVIL UNLIMITED, JURISDICTION**
    1-100, inclusive,                         )
18                                            )  **$15,000,000.00**
                                              )
19              Defendants.                   )
                                              )
20                                            )
                                              )  **REQUEST FOR JURY TRIAL**
21                                            )
                                              )  ASSIGNED FOR ALL PURPOSES
22
                                                 **JUDGE WALTER P. SCHWARM**
23

24

25

26

27

28

                                  - 1 -
                  COMPLAINT TO SET ASIDE AND VACATE JUDGMENT

Plaintiff, Cynthia L. Brown, hereby complains and allege as follows:

1.  Plaintiff ("Plaintiff") is now, and at all times relevant herein was, an individual and resident of the City of Villa Park, County of Orange, State of California.

2.  On or about August 1992, CYNTHIA L. BROWN (herein as, "BROWN") purchased real property from Gary Hoy ("Prior owner") by GRANT DEED, and became the sole, legal owner of real property, located at 17841 Lincoln Street, Villa Park, California 92861.

3.  On or about November 2004, KELA MARIE HOLMES (herein as, ("HOLMES") convince BROWN that she was a retired United States Army Veteran.

4.  HOLMES represented to BROWN that she needed to find shelter after retiring from active duty in San Diego.

5.  BROWN allowed HOLMES to temporarily refuge at the property until HOLMES could get on her feet.

6.  HOLMES represented to BROWN multiple business deals which BROWN has been defrauded by HOLMES and other associates doing business with HOLMES, including but not limited to "Pawn-Shop Consignment Scam" (i.e. City Loans, Long Beach, California).

7.  On or about October 19, 2005, HOLMES introduced BROWN to MICHAEL CHRISTOPHER OSMON (herein as, "OSMON" a business Venture Scammer).

8.  On or about November 2005, OSMON and HOLMES introduced BROWN to CRAIG RONALD DIMOND (herein, as "DIMOND").

9.  On or about December 02, 2005 DIMOND and HOLMES convinced and represented a private lending opportunity to borrow funds from DIMOND. (DIMOND does not lend money.)

10.  The legal Owner of PRIVATE FUNDING PARTNERS LLC (herein as, "PFP") is owned and registered to DIMOND and OSMON (as, "Partner").

11. DIMOND misrepresented facts about his private lending company to CYNTHIA L. BROWN to induce her into signing complex documents which would later be used to deprive her from ownership of real property 17841 Lincoln Street, Villa Park, CA 92861; APN 378-111-01.

12. On or about December 02, 2005, HOLMES presented a **"Promissory Note"** instrument for BROWN to sign.

13. HOLMES presented, misrepresented, and convince BROWN to sign and notarized the instrument that would secure a private loan from DIMOND (the forged instrument was to secure an interest in BROWN'S real property).

14. BROWN having signed and had notarized the instruments with notary Jennifer Cordova (as instructed by HOLMES and DIMOND), BROWN secured the instruments in a sub-folder in her home-office at all times.

15. HOLMES and DIMOND'S loan never perform as agreed or promised.

16. BROWN suspected DIMOND was not going to lend any money to her; thereby, opted-out of the lending agreement and never delivered any documents or instruments to HOLMES or DIMOND.

----

**Theft By Deception:**

17. BROWN alleges that HOLMES was the only person living in her home at the time of the Deed Of Trust With The Assignments Of Rent was created, witnessed when notarized and missing.

18. BROWN alleges and believes that HOLMES stole the Deed Of Trust With Assignments Of Rent and sold the instrument to DIMOND for a profit.

19. On or about December 9, 2005, the Deed Of Trust With Assignments Of Rent was in possession of BRUCE B. OSTERSTROM, (a CA State Bar Attorney, SBN #97778, attorney for Dimond and Osmon in various other victim cases.) located at 245 Fischer Avenue, Suite A-1, Costa Mesa, California 92626.

20. The **Deed Of Trust With Assignments Of Rent** was Recorded, In Official Records, Orange County Tom Daly, Clerk-Recorder 2005000982878, 0923am. The "RECORDING REQUESTED BY BRUCE B. OSTERSTROM AND WHEN RECORDED MAIL TO: Bruce B. Osterstrom, APC."

21. On or about December 16, 2005 DIMOND prepared a **"Substitution Of Trustee And Full Reconveyance"** that was notarized by notary SANGITA R. PATEL.

22. The instrument was prepared for filing in the County Recorders Offices, however a "Sticky Note" attached indicated, "The recorder's Office will not accept this Document because the Trustee must sign which is Cynthia NOT Craig Dimond. Please have a new doc. drawn up and acknowledged."

23. In addition, DIMOND prepared a forged "Lost Note Affidavit" to be notarized, stating, "I hereby swear under penalty of perjury that I am the current holder of that certain Note and Deed of Trust as more specifically described below and that all facts as represented herein are true and correct Said: Note And/or Deed Of Trust has/have been lost or accidentally destroyed. In conjunction with this Affidavit, I am also executing a Substitution Of Trustee and Full Reconveyance in order to release said property from the lien of said encumbrance. Said note: Will be paid in full pursuant to a demand issued by me in conjunction with this Affidavit. Borrower: Cynthia L. Brown, Note Date: December 2, 2005,

Lender: Craig R. Dimond, Original Principal sum OR Maximum sum of Note: $380,000.00. **See, Lost Note Affidavit.**

24. DIMOND appeared and presented the forged "Lost Note Affidavit" before a notary SANGITA PATAL on 12/16/2005.

25. BROWN alleges with certainty, that the "Promissory Note" is not lost and remains in her custody at all times.

26. HOLMES having attempted to have BROWN sign new docs... refused to sign any other documents with HOME LOAN MORTGAGE CORPORATION (herein as, "HLM").

27. The loan documents have been altered, photo shopped and forged.

28. On December 20, 2005, DIMOND received a Cashier's Check (No. 9927406, issued by Fidelity National Title Company) payable to Craig R. Dimond, in the amount of Three Hundred and Sixty-Four Thousand Dollars ($364,000.00).

29. On December 21, 2005, DIMOND endorsed and deposited the cashier's check to BANK OF AMERICA, Account #0625808802.

30. It is believed that both  DIMOND and HOLMES shared the proceeds and became new owners of the BROWN property held in the BANK OF NEW YORK MELLON TRUST under the Trustees Deed Upon Sale #2016000003031, Recorded in Official Records, Orange County, HUGH Nguyen, Clerk-Recorder's Offices on 01/05/2016 by SECURE SYSTEM electronic filing. Filer: ServiceLink-Irvine, IP Address 206.194.117.246 (an unauthorized user of the SECURE SYSTEM). The authorized stationed user, having been DOJ Approved is ServiceLink, Irvine.

31.  Defendants Bank Of New York Mellon, Formerly Known As The Bank Of New York As Successor In Interest To JPMorgan Chase Bank, N.A. As Trustee For Structured Asset Mortgage Investments II Inc. Bear Stearns Alt-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2, And Does 1-100 ("Defendant") is, and at all times relevant herein was, an individual, residing in and doing business at 200 Park Ave, New York, NY 10166.

32.  This court is the proper court for trial in this action in that the judgment being sought to be vacate was entered, and defendants are currently residing within, this Court's jurisdictional area.

33.  Plaintiffs are unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 100, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

34.  At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 100, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency.  Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages she has incurred.

35.     On or about August 18, 2020, approximately 10:15 a.m., Cynthia L. Brown, (Plaintiff) reported the criminal deception to Deputy K. Kropidlowski, (Orange County Sheriff's Department), which resulted in a case number issued; #20-028036.

36.     On or about September 08, 2020, at 12:46 p.m. I contacted the District Attorney's Office for a case status update.

37.     On or about September 09, 2020, at 07:35 a.m. Emily Yu, from "Major Fraud Paralegal" contacted me stating, " We have received your emails and hard copies of your complaint and I have forwarded all documentation to our investigation queue for further investigation."

### FIRST CAUSE OF ACTION

### (Complaint to set aside and vacate judgment for identity theft)

### (As against all Defendants)

38.   Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 1 through 5 of this complaint, as though fully set forth herein.

39.   On or about November December 02, 2005, Plaintiff herein, has diligently investigated suspicious activity which caused plaintiff's personal information to be flagged for unlawful use of applying for personal loans against plaintiff's private real estate property.

40.   Plaintiff alleges and is inform and believes the promissory note and deed of trust manufactured by defendants were intended to self-enrich defendants and to secure an unlawful judgment against plaintiff's real estate property with the use of fraudulent and forged instruments.

41.   Plaintiff contends, the original promissory note has remained in custodial record keeping of Plaintiff at all times.

42.   Plaintiff alleges the promissory note has never been delivered to defendants by plaintiff and reasonable suspicion has proven a  "Lost Note Affidavit" instrument replaced an original promissory note which never was lost or accidentally destroyed. Fact, the "lost note affidavit" is undisputable evidence of misrepresentations, deceit, and unlawful use of fraudulent and forge instruments.

## SECOND CAUSE OF ACTION

**(Complaint to set aside and vacate judgment for lack of standing to sue plaintiff)**

**(As against all Defendants)**

43. Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 6 through 10 of this complaint, as though fully set forth herein.

44. Plaintiff files this cause of action as a collateral attack on the UD court's prior orders and judgment on the grounds that Defendants' knowingly relied on void forged note and deed of trust which they knew and had personal knowledge that was undergoing investigation, for its misrepresentations, false, forged and fraudulently creation and recorded assignments, substitutions of trustee, and trustee's deed upon sale, all of which cannot hold title, even to an innocent purchaser, pursuant to *OC Interior Services, LLC as Trustee, etc., v. Nationstar Mortgage, LLC et al.*, (2017) 7 Cal.App.5th 1318, 1327 (California Fourth District, Division 1, January 2017); *Firato v. Tuttle* (1957) 48 Cal.2d 136, 139 at p.139; *Unity Banking & Savings Co. v. Bettman*, 217 U.S. 127, 30 Sct. 488, 54 L.Ed. 695 (1910).

45. Plaintiff is informed and believes defendants lacked any standing to sue plaintiff for any unvalidated debt required to verify and validate under Civil Code and Procedure (herein as, "CCP") §1788.50-1788.52.

46. Plaintiff is informed and believes, and based thereon alleges that defendants knew, and or had personal knowledge that the "debt collection practice" was unverified and could not be validated; thereby, the alleged debt did not belong to plaintiff.

47. Plaintiff is informed and believes, and based thereon alleges that defendants knew, or had personal knowledge that the "debt validation" could not be confirmed and any attempts to collect on a non-contracted debt was unlawful and lacked any essential records of a debt owed to them.

48.     Plaintiff is informed and believes, defendants intended to permanently deprive plaintiff of her private real property for their own personal interest.

## THIRD CAUSE OF ACTION

**(Complaint to set aside and vacate judgment for lack of subject-matter jurisdiction)**

**(As against all Defendants)**

49.     Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 11 through 15 of this complaint, as though fully set forth herein.

50.     On August 02, 2017, respectively the UD court granted the Defendants summary judgment motion and on July 21, 2020 for the possession and eviction of Plaintiff from her stolen property, caused by unauthorized use of personal information known to be identity theft PC §530.5.

51.     Plaintiff files this cause of action as a collateral attack on the UD court's prior orders and judgment on the grounds of lack of subject matter jurisdiction and the UD court's prior order and judgment should be set aside and vacated as the Civil Unlimited and UD action were defective.

52.     In the Defendants UD action and title issues were so intertwined with possession issue, as to preclude jurisdiction in the UD court. (*Ascuncion v. Superior Court of San Diego* (1980, Cal.App.4th Dist.) 109 Cal.App.3d 141, 166 Cal.Rptr. 306, 1980 Cal.App. LEXIS 2038)

53.     Further, the two conflicting deeds of trust raised triable issues of title intertwined with possession, and UD court did not have jurisdiction to decide on issues affecting title. Therefore, UD court's order granting possessing of the property to BNYM, is void to the extent it provided relief "which the UD court under no circumstances had any authority to grant." (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 20 [84 Cal.Rptr. 2d 715]; *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672, 1683 [52 Cal.Rptr. 2d 599] ["When a court grants relief which it has no authority to grant, it judgment is to that extent void"].)

On or about June 30, 2016, a complaint for Unlawful Detainer Complaint, was filed in the Unlawful Detainer Court by defendants against plaintiff. Said complaint was captioned as "VERIFIED COMPLAINT FOR UNLAWFUL DETAINER" , Case Number 30-2016-00861086-CL-UD-CJC, ("Prior action").

54.     The Complaint was not verified by the defendants The Bank of New York Mellon Trust. Plaintiff is informed and believes defendant Bank of New York Mellon (as successor to the trustee of the Bear Stearns Trust) is an improper party without standing to sue, [unlike corporations, trusts are not legal persons – the real party in interest in litigation involving a trust is always the trustee"].) (See Presta v. Tepper (2009) 179 Cal.App.4th 909, 914. Defendants misrepresented themselves as a real party in interest, when in fact they are not.

55.     The amount involved exceeded the limits for an Unlawful Detainer Court Jurisdiction.

56.     On or about August 02, 2017, a judgment was entered in this Court finding favor of defendants and against plaintiff. Said judgment orders that plaintiff is to pay defendants the sum of Twenty Thousand Dollars ($25,000.00)  and to surrender possession of the real property of plaintiff valuing approximately $1.2 Million dollars.  A certified copy of said filed judgment showing the date of entry of judgment that was filed with this Court is attached hereto as Exhibit "1" and incorporated herein by reference.

## FOURTH CAUSE OF ACTION

**(Complaint to set aside and vacate judgment due to extrinsic fraud or mistake)**

**(As against all Defendants)**

57.     Plaintiff refers to, and incorporate by reference, the allegations of paragraphs 16 through 26 of this complaint, as though fully set forth herein.

58.     Plaintiff files this cause of action as a collateral attack on the UD court's prior orders and judgment on the grounds that Defendants' knowingly concealed material evidence and facts from the UD court to procure orders and judgment.

Since about  October 2008 through September 2020, BNYM, (A SEC terminated trust) and its agents knew, or at least consciously avoided knowledge, that the deeds of trust were forged, and that under California law (CC §1700, CCP §749), a forged deed is extinguished, nullity and void ab initio, and as such vets no title in a grantee. (See also e.g.: *Firato v. Tuttle* (1957) 48 Cal.2d 136, 139 at p.139; *OC Interior Services, LLC as Trustee, etc., v. Nationstar Mortgage, LLC et al.*, (2017) 7 Cal.App.5th 1318, 1327 (California Fourth District, Division 1, January 2017)

59.     Again, despite said knowledge, they concealed them from the courts, and relied thereon, and consciously caused the court to rely thereon, to fraudulently procure, and did procure extrinsic UD orders and judgment.

60.     On or about June 30, 2016, a complaint for Unlawful Detainer (Residential), was filed in this Court by defendants against plaintiff. Said complaint was captioned as VERIFIED COMPLAINT FOR UNLAWFUL DETAINER (Residential), Case Number 30-2016-00861086-CL-UD-CJC, ("Prior action").

61.     On or about August 2, 2017, a judgment was entered in this Court finding favor of defendants and against plaintiffs. Said judgment orders that plaintiff is to pay defendants the sum of ($25,000.00) Twenty Thousand Dollars and to surrender possession of the real estate property belonging to plaintiff since August 1992.  A certified copy of said filed judgment showing the date of entry of judgment that was filed with this Court is attached hereto as Exhibit "2" and incorporated herein by reference.

62.     On or about June 08, 2017, defendants presented a void Trustees Deed Upon Sale (herein as, "TDUS") to the courts, knowing the document contains misrepresentations were false, forged and fraudulently executed and recorded to mislead the courts. The TDUS did not comply or meet the requirements under the statutes of California laws for transferring title under Civil Codes and Procedures §§2924 et seq., 2924(h)(c) and 2015.5. Said instrument was void on its face and duly perfected title had not been met.  A certified copy of said filed judgment showing the TDUS was filed with this Court is attached hereto as Exhibit "3" and incorporated herein by reference.

63.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge that plaintiff was not the correct party to sue. Herein, the debt has not been verified by a person with first- hand or personal knowledge or with a person who could competently testify under penalty of perjury.

64.     Defendants knew, and all had personal knowledge they could not respond to the "Demand To Produce The Required Documents Within 15 Days – Title 1.6C.5. Fair Debt Buying Practices" which was requested by Certified Mail on 2/08/2016 (Tracking #7015 0640 0001 1780 7359).

65.     Defendants had 15 days to respond to the debt validation, pursuant to CCP §§1788.50 et seq. and 1788.52. et seq.

66.     Defendants ignored the Certified U.S. Postal Service (Tracking #7015 0640 0001 1787 7475) delivered on 3/02/2016 and failed to respond to plaintiffs "demand for validation of debt" which resulted in a default.

67.     On or about April 25, 2016, Plaintiff mailed a "Notice Of Unfair Debt Collection Practice & Identity Theft Letter" by Certified U.S. Postal Service – Tracking # Tracking #7015 0640 0001 1787 7369 to defendants.

68.     Plaintiff informed defendants that Plaintiff is a victim of "Identity Theft" with an attached copy of the Orange County Sheriff's Department – Police Report #13-109879 directed defendants to cease its unlawful actions. Defendants ignored the notices and failed to respond to each notice delivered.

69.     Plaintiff files this complaint to set aside and vacate judgment as a collateral attack on the judgment in the prior action on the grounds that it is void on the grounds that it was procured through extrinsic fraud or mistake as stated in *Bennett v. Hibernia Bank*, (1956) 47 Cal.2d 540, 558; see also *Carroll v. Abbott Laboratories* (1982) 32 Cal. 3d 892, 901-902, and *Weitz v. Yankosky* (1966) 63 Cal. 2d 849, 855 due to the actions of defendants alleged herein and should be vacated by this Court as the alleged service on plaintiff by defendants in the prior action was defective and unenforceable as defendants knew and had personal knowledge that defendants did not reside or lawfully purchase an interest in subject property.

## FIFTH CAUSE OF ACTION

**(Complaint to set aside and vacate judgment due to violation of corporation's code §25401-untrue statement or omission in connection with purchase or sale of a security)**

**(As against all Defendants)**

70.     Plaintiff refers to, and incorporate by reference, the allegations of paragraphs 27 through 32 of this complaint, as though fully set forth herein.

71.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge a violation of §25401 of the California Corporations Code occurs when any person offers to sell a security in this state or to by a security in this state by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact that is necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. CAL. CORP. CODE §25401.

72.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge that on August 7, 2013, the State Of California, Department Of Business Oversight issued a "Desist and Refrain Order" against Craig Ronald Dimond and Private Funding Partners, LLC.

73.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge that a specific defendant ( Craig Ronald Dimond and Private Funding Partners, LLC) was issued a "Desist and refrain – Order" to protect the public in the interest of justice, from unlawful business practices of the alleged.

74.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge of the "desist and refrain order"; thereby, the making of an affirmative statement of untrue fact is similar to common law actions for fraud and deceit and negligent misrepresentation. However, the legislature chose to eliminate the plaintiff's burden to prove reliance, as required in the common law actions. *Bohm v. Trident Financial Corporation,* (1992) 6 Cal. App. 4th 738, 8 Cal. Rptr. 2d 177; *Bowden v. Robinson,* (1977) 67 Cal. App. 3d 705, 711, 712, 136 Cal. Rptr. 871.

75.     The statute requires a "completed sale or purchase of a security within California." CAL. CORP. CODE §25401. A completed transaction of sale or purchase is clearly contemplated for recovery under this section, given the formula for recovery of damages set out in the accompanying Corporations Code §25501. Third parties can be held jointly and severally liable for violation of §25401 if they have materially assisted the defendant in its violation and did so knowingly. CAL. CORP. CODE 25504.1; CAL. BUS. & PROF. CODE, §17200; *Employers Ins. V. Musick, Peeler & Garrett* (1995) 948 F. Supp. 942; *Forslund v. Rein* (2003) 2003 U.S. Dist. Lexis 16832.

## SIXTH CAUSE OF ACTION

**(Complaint to set aside and vacate judgment for void and unenforceable contract)**

**(As against all Defendants)**

76.     Plaintiff refers to, and incorporate by reference, the allegations of paragraphs 33 through 37 of this complaint, as though fully set forth herein.

77.     Plaintiff is informed and believes, and based thereon alleges that, plaintiff does not have an enforceable contract with defendants.

78.     Plaintiff is informed and believes, and based thereon alleges that, a cause of action for tortious interference with exists even when the contract was voidable, if the contract was made known to plaintiff. Shamblin v. Berge, 166 Ca. App. 3d 118, 124, 212 Cal. Rptr. 313 (1985) Zimmerman v. Bank of America, 191 Cal. App. D 55, 57-58, 12 Cal. Rptr. 319 (1961).

79.     Plaintiff is informed and believes, and based thereon alleges that, a cause of action for tortious interference with contract may exist even when the contract is unenforceable. Sanders v. Superior Court, 27 Cal. App. 4th 832, 843, 33 Cal. Rptr. 2d 438 (1994).

80.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge and had intent to deprive plaintiff from real property with the use of defective TDUS Instruments known to fraudulent, because they are forge.

## SEVENTH CAUSE OF ACTION

### (Complaint to set aside and vacate judgment for notary malfeasance)

### (As against all Defendants)

81.     Plaintiff refers to, and incorporate by reference, the allegations of paragraphs 38 through 45 of this complaint, as though fully set forth herein.

82.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge and had intent to deprive plaintiff from real property with the use of notary malfeasance of public notary (s).

83.     Plaintiff is informed and believes, and based thereon alleges that, defendants purportedly appeared before a notary to cause a transfer of real property title in the State of Texas, City of Addison.

84.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge and intent to deprive plaintiff from real property having forged and recorded in Official Records, Orange County Hugh Nguyen, Clerk-Recorder a defective trustees deed upon sale instrument #2016000003031 on 01/05/16.

85.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge of each other's roles and participation in manufacturing instruments

to have notarized for depriving plaintiff from ever owing real property. In fact, the act of each other was at all times in commission of  criminal "Grand theft larceny" (PC §487).

86.     Plaintiff is informed and believes, and based thereon alleges that, defendants knew, and or had personal knowledge of each other's roles and participation in manufacturing a suspicious FULL RECONVEYANCE INSTRUMENT #2006000100129 to have notarized by Mark J. Phillips.

87.     Plaintiff is informed and believes, and based thereon alleges after conducting a diligent investigation, the HUGH NGUYEN, Clerk-Recorder were compel to issue a "CERTIFICATE OF NOTARY JOURNAL ENTRY NOT FOUND" in Mark J. Phillips notary journal book on January 03, 2020, by Deputy Clerk-Recorder, Madia A. Obaidi.

88.     Plaintiff is informed and believes, and based thereon alleges after conducting a diligent investigation, the acts alleged in paragraphs 31-38 are statements of fact and cannot be disputed by any of the defendants.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

### FIRST CAUSE OF ACTION:

1.     For an order of this Court setting aside and vacating the judgment entered on August 02, 2017 in the prior action on the grounds that said judgment is void on the grounds of lack of subject-matter jurisdiction, promissory note theft and identity theft;

2.     For costs of suit herein incurred; and

3.     For such other and further relief as this Court may deem just and proper.

1

### SECOND CAUSE OF ACTION:

2

3

1.      For an order of this Court setting aside and vacating the judgment entered on _____ in

4

the prior action on the grounds that said judgment is void on the grounds that it was procured due to

5

extrinsic fraud or mistake;

6

7

2.      For costs of suit herein incurred; and

8

3.      For such other and further relief as this Court may deem just and proper.

9

10

11

### THIRD CAUSE OF ACTION:

12

13

1.      For an order of this Court setting aside and vacating the judgment entered on _____ in

14

the prior action on the grounds that said judgment is void on the grounds that it was procured due to

15

extrinsic fraud or mistake;

16

17

2.      For costs of suit herein incurred; and

18

3.      For such other and further relief as this Court may deem just and proper.

19

20

21

### FOURTH CAUSE OF ACTION:

22

1.      For an order of this Court setting aside and vacating the judgment entered on _____ in

23

the prior action on the grounds that said judgment is void on the grounds that it was procured due to

24

extrinsic fraud or mistake;

25

26

2.      For costs of suit herein incurred; and

27

3.      For such other and further relief as this Court may deem just and proper.

28

**FIFTH CAUSE OF ACTION:**

1.  For an order of this Court setting aside and vacating the judgment entered on _____ in the prior action on the grounds that said judgment is void on the grounds that it was procured due to extrinsic fraud or mistake;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as this Court may deem just and proper.

**SIXTH CAUSE OF ACTION:**

1.  For an order of this Court setting aside and vacating the judgment entered on _____ in the prior action on the grounds that said judgment is void on the grounds that it was procured due to extrinsic fraud or mistake;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as this Court may deem just and proper.

**SEVENTH CAUSE OF ACTION:**

1.  For an order of this Court setting aside and vacating the judgment entered on _____ in the prior action on the grounds that said judgment is void on the grounds that it was procured due to extrinsic fraud or mistake;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as this Court may deem just and proper.

Dated 9|11|20

CYNTHIA L. BROWN

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am the original and sole owner by Grant Deed to the subject property since August 1992, which title was stolen by identity theft reported (PC530.5) and promissory note theft (PC487) by defendants.

I am the plaintiff in this action. I have read the pleading and I am informed and believe the matters contained herein are true and, on that ground, allege the matter stated are correct.

Executed on September 10, 2020

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Cynthia L. Brown

Signature

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On October 5, 2020, I served the within document(s) described as: **NOTICE OF REMOVAL [DIVERSITY JURISDICTION]** on the interested parties in this action:

☒      by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Cynthia Brown<br>P.O. Box 4806<br>Orange, CA 92863 | Tel:                              *<br>Email:                        * | Defendant in Pro Per |

☒      **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2020, at Irvine, California.


/s/ Nasya Chou
NASYA CHOU

THE RYAN FIRM
A Professional Corporation