Cynthia L. Brown

*Plaintiff*, Pro se,

Tel: (714) 618-2034

**Mailing Address**

P.O. Box 4806

Orange, CA 92863

FILED

2020 NOV 17 AM 10: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| CYNTHIA L. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2,<br><br>Defendants | Case No.: 8:20-CV-01922-JLS-DFM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR EX-PARTE EMERGENCY COURT ORDER TO IMMEDIATELY RETURN PLAINTIFF TO HER HOME; AND FOR CONTEMPT OF COURT ORDER AGAINST DEFENSE COUNSEL AND BANK OF NEW YORK MELLON FOR WILLFULLY ACTING IN VIOLATION OF COURT ORDER.<br><br>Date: November 17, 2020<br>Time: 1:30p.m.<br>Location: Courtroom<br><br>Complaint Filed On: |

**MEMRANDUM OF POINTS AND AUTHORITIES**

**Introduction/Summary Of Facts**

On October 5, 2020, the state superior court having found that the Plaintiff had pled viable causes of action, issued a stay order on the property in this action. (See Exhibit 1, TRO dated 10/5/2020)

The state superior court also issued an order to show cause ("OSC") why a preliminary injunction should not be ordered restraining and enjoining the Defendant, its

3

employees and agents, et al., from causing an eviction on the property. (See Exhibit 1) The Defendant was giving until October 27, 2020 to respond to the OSC. (*Id.*)

To avoid answering the OSC, immediately after the hearing on October 5, 2020, the Defendants removed the case to Federal Court.[1]

On October 27, 2020, in the subsequent hearing, due to the removal, the state superior court stayed all further proceedings in the state court until April 28, 2020, leaving its October 5, 2020 stay order undisturbed.[2] (See Exhibit 2)

On November 16, 2020, with the state superior court's stay order still in place, and the ongoing eviction moratorium by the federal, et al., due to COVID-19 pandemic, and in violations thereof, the Defense counsel, the Ryan Firm, contacted the Orange County Sheriff Department to forcefully evict Plaintiff from her property, located at 17841 Lincoln Street, Villa Park, CA.

The Orange County Sheriff Department broke into Plaintiff's home, at the request of the Ryan Firm on behalf of Bank of New York, using an old court order of 7/25/2020 which had been superseded by the state superior court stay order issued on 10/5/2020.

The Sheriff entered Ms. Brown's residence using battering rams and breaking windows and garage door without any notification or warning to Plaintiff.

To protect her belongs, Ms. Brown had to stay in her car park on the street in front of the house.

The defense counsel willfully and maliciously concealed the state superior court recent stay order from the Sheriff. Instead, to commit extrinsic fraud, defense counsel caused the Sheriff Office to rely on the July 25, 2020 order, which moot and no longer in effect.

The violent entry upon Plaintiff's private property was totally unprofessional and uncalled for as the Plaintiff had been in contract with the Sheriff's department, and had

---

[1] Judicial Notice: Defendant had previously opposed Plaintiff from removing state court to the federal.

[2] No new eviction order had been served upon Plaintiff to give her notice of a pending eviction.

informed them that she would cooperate once the stay order was lifted and she was legally notified. There were multiple police cars as well as a swat team, and plaintiff was denied entry to get basic supplies, food and clothing with which to survive during the Covid 19 pandemic.

Further, there is also ongoing arbitration between the parties.

## Argument/Discussions

[W]henever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988).

Chapter 89 provides that —[a]ll injunctions, orders, and other proceedings had in [state court prior to removal] shall remain in full force and effect until dissolved or modified by the district court. 28 U.S.C.A. § 1450. The United States Supreme Court has explained that, Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 435-436, 94 S.Ct. 1113, 1122 (1974).

Here, in the within action, despite the state court's stay order issued prior to the defendant's removal, the defense counsel willfully concealed said order from the Orange County Sheriff, but knowingly and deceitfully used moot and extrinsic document to cause the eviction of Plaintiff.

Defense counsel's willful and malicious conduct which violated the state court's stay order of any eviction, constituted contempt of known court order and extrinsic fraud, As such it is void, and must be reversed, and Plaintiff returned to her home.

Further, the federal Covid-19 eviction stay order also still remains in effect. (See Exhibit  ) This also grounds for the Court to issue an order returning Plaintiff to her home. The defense counsel's illegal and willful conduct has no legitimate basis. Leaving the Plaintiff on the street homeless will expose her to the Covid-19 danger and lasting harm.

<u>Cal Code Civ Proc § 1281.4</u>   This section authorizes court in one county to stay proceedings in action before it where issue involved is subject of order for arbitration pending and undetermined in action in another county. *Cook v. Superior Court of Los Angeles County* (Cal. App. 5th Dist. Mar. 17, 1966), 240 Cal. App. 2d 880, 50 Cal. Rptr. 81, 1966 Cal. App. LEXIS 1426.

## **CONCLUSION**

For the foregoing, the Court must reverse the illegal eviction and return Plaintiff to her home. Plaintiff also requests that defense counsel be found in contempt of the court stay order and sanctioned.

Dated: November 16, 2020.

*signature: C. Brown*

Cynthia L. Brown, *plaintiff*