Cynthia L. Brown
P.O. Box 4806
Orange, CA 92863
(714) 618-2034

Plaintiff, Pro Per

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

CYNTHIA L. BROWN,

Plaintiff,

vs.

BANK OF NEW YORK MELLON,
THE TRUST FORMERLY KNOWN
AS BANK OF NEW YORK MELLON.

Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 8-20 CV 01922-JSL-DFMx

EX PARTE APPLICATION FOR
RECONSIDERATION OF THE
ORDER DENYING PLAINTIFF
RELIEF FROM WRONGFUL
EVICTION

PLAINTIFF'S SUPPORT FOR
SANCTIONS AGAINST DEFENDANT

Plaintiff, Cynthia Brown, seeks reconsideration of this Court's denial of Plaintiff's previous ex parte application, on November 23, 2020, for relief from eviction. Such ruling was made without the benefit of reviewing the underlying state court record and orders which were deliberately concealed from this Court by Andrew Mase, Counsel for Bank of New York Mellon (BONYM), following removal.

The removal and concealment were intended to circumvent the state court TRO. The concealed documents formed the basis of the TRO, supporting Plaintiff's meritorious claims. Had those documents been available for review to this Court, then Plaintiff would have had an opportunity for a fair hearing, due process. Despite knowing of BONYM Counsel's misconduct and intent, this Court relied exclusively on BONYM's incomplete and self-serving presentation of the case history and denied Plaintiff relief from the wrongful eviction.

1

**Brief History**

Plaintiff was a victim of identity theft and title fraud.  In 2008 she began her legal battle get relief from the title fraud.   in 2008 and misconduct on the part of BONYM Counsel which resulted in her eviction on November 16, 2020.  BONYM is in possession of a fraudulent Wild Deed, a deed that is not connected to a valid financial transaction.  It is the result of criminal and administrative fraud.  Knowing that such deed and it's supporting documentation could not withstand scrutiny, BONYM Counsel has maneuvered, concealed documents, not provided proper notice, and committed other forms of misconduct to get the Orange County Sheriff to evict Plaintiff prior that scrutiny.

**<u>Fraudulent Financial Instruments Cannot Convey Title</u>**
**<u>Even to an Innocent Purchaser</u>**

On October 5, 2020, the State Court granted the TRO after perusing Plaintiff's complaint and supporting evidence which included the TDUS and the purported Notary's journal, in which there was no signature or thumb print.  On the basis of these un-contradicted evidential facts, Judge W. Schwarm granted the TRO noting that BONYM and its attorney obtained the UD orders and judgment through fraud upon the court and extrinsic fraud,[1] and allowing the eviction to proceed would cause irreparable harm to the already victimized Plaintiff.

> At this stage of the proceedings, it appears that the Complaint alleges a cause of action cancellation of instruments due to fraud (For example, see Complaint ¶¶ 20-30, and 44; *U.S. Bank National Assn. v. Naifeh* (2016) 1 Cal.App.5th 767, 778-779 and *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 281.)  Plaintiff's declaration shows a probability of prevailing on the merits as to this cause of action, and the balance of interim harms favors Plaintiff because of the pending eviction (Brown Decl.).  Based on the above, the court **GRANTS** Plaintiff's request for a temporary restraining order.  See Exhibit 1.

---

[1] Pursuant California Rules of Court, Defendant and its counsel were timely noticed and informed of the TRO ex-parte hearing at least within 24-48 hours before the hearing, but chose not to attend.

2

After scrutinizing the following documents, the State Court found that these document failed to comply with strict compliance of CC §2924, et seq., found that Plaintiff's verified complaint and exhibits supported meritorious causes of action, and noted that she would suffer irreparable harm if they eviction, based upon a WILD DEED, was not stayed:

> **Trustee's Deed Upon Sale** (TDUS) was made to appear as though it was created on January 4, 2016 by Jesus Angulo, and allegedly notarized by Bruce A. Cocklin that same day.  However, there was no recording of said TDUS in the notary journal of Bruce A. Cocklin on that date or any other date.  See Exhibit 2;

> **Assignment of the Deed of Trust** (DOT) dated August 1, 2008 and Note named The Bank of New Trust Company as the assignee.  However, the TDUS recorded on January 5, 2016, named The Bank of New York Mellon, formerly known as The Bank of New York as Successor In Interest to JPMorgan Chase Bank, N.A., as Trustee For Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust 2006-2, Mortgage Pass-Through Application Certificates." See Exhibit 3; and

> **Notice of Default** (NOD) recorded on October 31, 2014, named America's Serving Company as the alleged "Beneficiary." However, the TDUS named BONYM, et al., as the grantee and foreclosure beneficiary.  See Exhibit 4.

Craig Dimond was instrumental in the creation of the financial instruments and was a recipient of one loans against Plaintiff's home.  Dimond was subsequently subjected to a Cease and Desist Order dated August 13, 2013.  This letter was a part of the State Court record which was concealed from the Federal Court by BONYM Counsel's misconduct.  The order stated:

> "Dimond represented to investors that their funds would go towards secured investments, including, but not limited to, bridge loans that would generate high rates of return. Furthermore, investors were told that their investments would be secured by deeds of trust. In actuality, the trust deeds were fraudulent because they were forged and, therefore, did not secure the investments that Dimond said would be safeguarded by the trust deeds."  See Exhibit 5.

"A forged Security Instrument, like a Deed of Trust, Promissory Note, Trustee's Deed Upon Sale… cannot convey title, even to the Innocent Purchaser." (See e.g.: *OC Interior Services, LLC as Trustee, etc., v. Nationstar Mortgage, LLC et al.*, (2017) 7 Cal.App.5th 1318, 1327 (California Fourth District, Division 1, January 2017)).  A subsequent title derived through a forged instrument is completely unenforceable, even if recorded and held by a bona fide purchaser, unless the grantor is estopped to assert that the deed is invalid. These principles

3

apply to purchasers as well as encumbrancers. *WFG Nat'l Title Ins. Co. v. Wells Fargo Bank, N.A.*, 51 Cal. App. 5th 881, 881, 264 Cal. Rptr. 3d 717, 720 (2020).

### **BONYM Should Not Be Allowed to Profit From Its Abuse of Process**

BNYM and its counsel knowingly and willfully used counterfeit Trustees Deed Upon Sale that did follow the assignments Deed of Trust, to orders and procure judgment.  BONYM received a writ of possession after presenting a fraudulent instruments to the unlawful detainer court.  Due to the limited jurisdiction of the UD court, BONYM successfully prevented the scrutiny of the fraudulent instruments, by claiming BONYM's status as a bona fide purchaser.  Plaintiff's claims of fraud were not addressed.

On September 11, 2020, Plaintiff filed a complaint to set aside and vacate the UD court's orders and judgment due to fraud upon the court and plaintiff, and for extrinsic fraud. Upon review of her complaint and documents presented, the state court issued the TRO.  In the face of Plaintiff's documentation the title fraud, BONYM Counsel chose remove the case to federal court rather than address the evidence at the hearing for a permanent injunction.

BONYM Counsel supplied this Court with only the complaint.  Further Counsel refused to comply with this Court initial standing order issued two days following the removal to provide this Court with…

> All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal. See 28 U.S.C. § 1447(b). . . . If a motion was pending in state court before the case was removed, it must be re-noticed for hearing in accordance with Local Rule 6-1.

BONYM Counsel refusal to comply and his failure to give notice to Plaintiff or the state court until the hearing date for the permanent injunction (22 days after the removal) resulted in the lapse of Plaintiff's TRO as a function of the removal.  BONYM Counsel's intention to circumvent the state court TRO and effect the wrongful eviction of Plaintiff was evident through his actions. This Court characterized the Counsel's

actions/omissions as "abuse of process."  This Court's analysis was as follows:

> "BONYM's Notice of Removal, however, contained only Plaintiff's complaint (Ex. A to NOR) and at no point prior to evicting Brown did BONYM comply with this Court's Order to refile the all documents (including the TRO) that had been filed in state court. Nor did BONYM inform this Court in any fashion of the state court's TRO—which was still in effect at the time of removal. Further, as detailed in emails between BONYM and the Orange County Counsel's Office, BONYM was clearly aware of the state court TRO and the rules governing its expiration, and—rather than file the relevant papers in compliance with the Court's standing order—simply waited for the TRO to expire and then pursued an eviction without the Court's knowledge, perhaps with the hope that Brown, who is proceeding pro se, was unlikely to know to renew the injunction request upon removal.
>
> In short, BONYM should have filed the state court TRO papers with this Court, as is required by the Court's standing order. Instead of being forthright and recognizing this Court's jurisdiction over the matter, BONYM hid the relevant documents, and engaged in behind-the-scenes negotiations with county counsel. The Court is understanding of BONYM's predicament; its right to possession has been delayed by years of litigation. But this does not excuse BONYM'S counsel's conduct, or its attempt to bypass this Court's authority."

Plaintiff sought relief from BONYM Counsel's abuse of process, misconduct and fraud upon the court which resulted in her being evicted from home.  Plaintiff is an Olympic Gold Medalist.  She has faith that if she learns the rules, trains hard and plays fair, she can win.  She also expects that a referee will spot foul plays and cheaters, and will hold them accountable, in a meaningful way, for their bad behavior.  BONYM Counsel's actions, omissions, and misrepresentations were designed to circumvent the state court TRO.  Cheating.  This Court's refusal to reverse Plaintiff's eviction rewards BONYM for its counsel's abuse of process and misconduct.

Rather than address the harm at hand, the wrongful eviction, this Court served in an appellate capacity over the state court's decision to grant the TRO.  This Court applied the TRO standard of review to Plaintiff's evicted status without reviewing the underlying state court documents which supported her meritorious claims of her complaint.  This Court's language suggests that without review of the current claims, it has already decided the case in BONYM's favor… "The Court is understanding of BONYM's predicament; its right to

possession has been delayed by years of litigation." There was no weighing of Plaintiff's evidence of fraud perpetrated by BONYM.

This Court has unlimited power to meaningfully address BONYM's misconduct, rather than reward it. It could have remanded the case back to state court where the file remained. It could have tolled the effective date of the removal until BONYM Counsel provided the required documents. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).), holding that: "equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."

This Court has the power to return possession of her home to Plaintiff. In *Chambers* the Supreme Court observed that the inherent power of federal courts includes, inter alia, the power to vacate judgments on proof that a fraud upon the court has been committed. See *Chambers*, 501 U.S. at 44, 111 S.Ct. 2123. The Court justified the "historic power of equity to set aside fraudulently begotten judgments" on the basis that "tampering with the administration of justice in this manner involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." Id. (internal quotation marks and alterations omitted) (citation omitted); see also *Hazel–Atlas Glass Co*., 322 U.S. at 246, 64 S.Ct. 997.

## Plaintiff has Been Denied Her Constitutional Rights Under Color of Law

Plaintiff's issues of title fraud were not heard in the UD court. The proceeding was limited to possession only analysis with BONYM being treated as a bona fide purchaser. There was no substantive review of the fraud employed in the theft of the title or in the creation of the wild deed used to secure the UD judgment. Plaintiff is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. *Earle v. McVeigh*, 91 US 503, 23 L Ed. 398. Plaintiff has supplied this Court with the Certified State Court Record. See Plaintiff's Request for Judicial Notice.

6

The language of this Court's analysis above indicates that this case has already been decided in BONYM's favor, despite its early stage of litigation.  This judicial position has allowed  Plaintiff to suffer the eviction that was orchestrated by BONYM Counsel's misconduct, and has resulted in the deprivation of Plaintiff's rights, under color of law.

A judgment may not be rendered in violation of constitutional protections.  The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard.  It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. *Renard v. Abbott*, 116 US 277, 29 L Ed 629, 6 S Ct 1194.

BONYM Counsel's abuse of process, misconduct, fraud on the court, and the this Courts denial of Plaintiff's emergency request to reverse the eviction, has caused Plaintiff to suffer irreparable harm.  Plaintiff has had to live in her car to secure her home and belongings (the front door was destroyed by a battering ram, and is sealed with plywood from the inside, subject to easily being kicked in), her home was invaded by Mr. Mase and her legal papers were rifled with, her business phones were turned off as was her internet access and security cameras…  Plaintiff was subjected to an invasion in addition to an eviction, in addition to all of the problems associated with being homeless during Covid-19 shutdowns and curfews.

## **Conclusion**

The bank robbed Plaintiff, it created a Wild Deed, based upon no act or fault of Plaintiff.  They located a property that had incredible equity, worked with third parties to steal her identity and encumber her property.  They've successfully worked the judicial systems to prevent her access to justice.  This Court has an eagle's view of the BONYM's misconduct. What happened in this court, the misconduct, is a microcosm of how BONYM has accomplished it's goals throughout Plaintiff's epic battle to save her home.  This Court should reconsider its earlier ruling denying Plaintiff relief from eviction.  It should review the formerly concealed evidence, the evidence which persuaded the State Court to issue the TRO and it should stand not allow BONYM to profit from its misconduct.

## **Relief Requested**

Plaintiff respectfully requests the following relief be granted:

1. Relief from eviction: return possession of 17841 Lincoln Street, Villa Park, California, to Cynthia Brown, immediately.  An Order to the Orange County Sheriff's to evict BONYM and its agents from Plaintiff's property.

2. $5,000 in Sanctions against BONYM paid directly to Plaintiff to cover the costs of repairing the damage to her front door caused by the battering ram, the cost of the urgent care clinic following a panic attack, and reimbursement for funds used to remove and secure her security officer weapons and weapons' safe from her home on December 2, 2020.

3. Remand case back to State Court, where it was properly brought by Plaintiff as BONYM has sufficient contacts in California, and has promulgated numerous state court actions in California.

DATED: December 4, 2020.

By: _____
             Cynthia L. Brown, *pro per*

## <u>DECLARATION OF CYNTHIA L. BROWN</u>

I, Cynthia L. Brown, am the Plaintiff in the above-entitled action.  If called upon to testify, I shall competently testify as follows:

Each of the statements made herein the above pleadings are true and correct.

1.  I purchased my home located at 17841 Lincoln Street, Villa Park, California in the early 90s and was never late on any of my mortgage payments.

2.  I did not take out a loan against my house's equity, as claimed by Defendant.  I was a victim of identity theft and title fraud.  The person identified as me to the loan documents was labelled "Caucasian" which is not me.  I am, visibly, an African American.

3.  I've been fighting to undue the fraud/crimes done against me since 2008.  And despite ineffective assistance of counsel (four of my previous attorneys were subsequently disbarred or are in the process of being disbarred), I've continued to fight against this fraud, fully intending to exercise every ounce of procedure to which I am entitled, to my last breath.

4.  I have first-hand and personal knowledge to the statements of fact and investigations regarding the suspicious instrument Trustee's Deed of Sale that was illegally wired into County Records SECURE SYSTEM and filed against my property.

5.  I am a security officer and I have guns and other weapons in my home, all of which are properly stored in a weapons safe.

6.  I was evicted from my home on Monday morning, November 16, 2020.  At the time the officers battered my doors with a ram, I was down the street getting breakfast. When I returned there were 20 officers with military grade weapons.  I was treated like I was a dangerous criminal.

7.  I was not provided with any notification that I was about to be evicted, following the receipt of TRO staying the eviction, and the October 27, 2020, minute order

requiring BONYM Counsel to provide notice if the TRO was no longer valid.

8. I tried to show the sheriff's deputies my TRO from the State Court but they refused to view the documents, stating that all of the underlying possession issued had been resolved and gone over by County Counsel, and the that their office would not act on any old orders that weren't dated November 16, 2020 or later.

9. I wasn't allowed to enter, even with an armed escort, to grab my underwear, medicines, documents, photos or my Olympic Gold Medals. The deputies were reluctantly willing to gather my laptop and a few other items, but not my laptop charger.

10. I have personal knowledge and facts that opposing counsel has entered my private home during a purported eviction with a Special Task Force Team, where I believe my litigation files are being destroyed by Attorney Andrew Mase and his associate Tad McMahon. I have video footage and photos of the parties inside my home/office.

11. Since the eviction, I have been living in my car with my dog, parked across the street from my house. I have to watch it to make sure that BONYM's attorneys or agents are not going through my house.

12. I have no clean clothes, and cannot easily buy them as I am 6'3" – I'm not willing to leave my place for fear that BONYM agents will return and continue violating private belongings.

13. Because I can't stretch out in my car, my lower legs and ankles have begun to swell. My physical health is deteriorating because it's cold now. It's hard to find bathrooms with the Covid-19 reinstated closures and the curfews.

14. I've had to run back and forth between the court systems, sometimes shut down to foot traffic, in order to put together the documents to fight this eviction.

15. I gained entry to my house yesterday, December 2, 2020. I entered with my chest camera on and noted the many ways that BONYM Counsel Mase and McMahon had gone through my belongings. They entered cabinets and drawers which had

nothing to do with securing the house.  Most disturbing to me was that they went through my legal files.

16. They turned off the internet, unplugged my business phones and answering machines, effectively shuttering my business and my foundation.

I can competently testify to all of the unlawful acts that have taken place, including but not limited to American Disabilities Act violations and denying special accommodations for people with disabilities.

I declare, under penalty of perjury of the laws of the State of California, that the above mentioned is true and correct.

DATED: December 4, 2020.

By: _____

Cynthia L. Brown, Declarant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1
**Judge W. Schwarm 10/5/20 Minute Order**

11

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 10/05/2020                    TIME: 08:30:00 AM          DEPT: C19

JUDICIAL OFFICER PRESIDING: Walter Schwarm
CLERK: Kimberley Handing
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Mandi D Destra

CASE NO: **30-2020-01159870-CU-OR-CJC**  CASE INIT.DATE: 09/11/2020
CASE TITLE: **Brown vs. Bank of New York Mellon, as Successor in Interest to**
**JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II**
**Inc. Bear Stearns Alt-A Trust 2006-2, Mortgage Pass-Through Certificates, Series**
**2006-2**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 73385053
**EVENT TYPE:** Ex Parte

**APPEARANCES**
Cynthia L. Brown, self represented Plaintiff, present telephonically.
Counsel James Imperiale appearing with Limited Scope of Representation For Purposes of
Ex-PARTE Application.

Counsel James Imperiale appearing on behalf of Plaintiff with Limited Scope of Representation For
Purposes of The Ex-PARTE Application.

Counsel represents to the Court he has filed a Notice of Limited Scope Representation for Purposes of
The Ex-PARTE application.

Court and counsel discuss the Cause of Action. The Court reviewed the declaration submitted and it
needs to identify a Cause of Action.

Later same day,

The court **GRANTS** Plaintiff's Ex Parte Application for Temporary Restraining Order filed on 10-2-20
under ROA No. 10.
"In deciding whether to issue a preliminary injunction, a trial court must evaluate two interrelated factors:
(i) the likelihood that the party seeking the injunction will ultimately prevail on the merits of his [or her]
claim, and (ii) the balance of harm presented, i.e., the comparative consequences of the issuance and
nonissuance of the injunction. [Citations.]" (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d
432, 441-442; footnote 7 omitted.) "A trial court deciding whether to issue a preliminary injunction weighs
two interrelated factors—the likelihood the moving party will prevail on the merits at trial *and* the relative
balance of the interim harms that are likely to result from the granting or denial of preliminary injunctive
relief. [Citations.]" (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 315.) "These two
showings operate on a sliding scale: '[T]he more likely it is that [the party seeking the injunction] will
ultimately prevail, the less severe must be the harm that they allege will occur if the injunction does not
issue.' [Citation.]" (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178,

---

DATE: 10/05/2020                         MINUTE ORDER                              Page 1
DEPT: C19                                                                   Calendar No.

.    .

| CASE TITLE: Brown vs. Bank of New York Mellon, as | CASE | NO: |
|---|---|---|
| Successor in Interest to JPMorgan Chase Bank, N.A. as | **30-2020-01159870-CU-OR-CJC** | |

1183.)

At this stage of the proceedings, it appears that the Complaint alleges a cause of action cancellation of instruments due to fraud. (For example, see Complaint ¶¶ 20-30, and 44; *U.S. Bank National Assn. v. Naifeh* (2016) 1 Cal.App.5th 767, 778-779 and *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 281.) Plaintiff's declaration shows a probability of prevailing on the merits as to this cause of action, and the balance of interim harms favors Plaintiff because of the pending eviction. (Brown Decl.)

Based on the above, the court **GRANTS** Plaintiff's request for a temporary restraining order.

**The Order to Show Cause re: Preliminary Injunction is scheduled for 10/27/2020 at 09:00 AM in Department C19.**

The Order to Show Cause and Temporary Restraining Order and supporting papers shall be served on the Defendant within five (5) days from 10/05/2020. Proof of service shall be filed at least ten (10) court days prior to the hearing. Any opposition papers to the Order to Show Cause shall be filed and served on Plaintiff by 10/16/2020. Any reply papers to the opposition shall be filed and served on defendant by 10/20/2020.

The formal order was signed this date.

---

DATE: 10/05/2020

DEPT: C19

MINUTE ORDER

Page 2

Calendar No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2
## **Trustee's Deed Upon Sale**

Recording requested by:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

When Recorded Mail to and Mail Tax Statement to:
THE BANK OF NEW YORK MELLON, .et al
c/o AMERICA'S SERVICING COMPANY
3476 STATEVIEW BLVD.
FORT MILL, SC 29715

APN #: 378-111-01
Property Address:
17841 LINCOLN STREET
VILLA PARK, CALIFORNIA 92861


TDUS20080134008656

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder                          12.00
* S R 0 0 0 8 0 6 9 0 2 4 S *
**2016000003031** 4:02 pm 01/05/16
47 406 T09 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Space above this line for Recorder's use only

Trustee Sale No. : 20080134008656          Title Order No.:

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1)  The Grantee herein WAS the foreclosing beneficiary
2)  The amount of the unpaid debt together with cost was          **$1,244,861.12**
3)  The amount paid by the grantee at the trustee sale was        **$684,100.30**
4)  The documentary transfer tax is                               0·00
5)  Said property is in the city of  VILLA PARK

NDEx West, L.L.C., as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but
without covenant or warranty, express or implied, to:

**THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS
SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED
ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-2**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Orange, State of
California, described as follows:

LOT 99 OF TRACT NO. 6739, IN THE CITY OF VILLA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER
MAP RECORDED IN BOOK 254, PAGES 24 THRU 27 IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

APN: 378-111-01

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated  12/13/2005 and
executed by  CYNTHIA L BROWN  Trustor(s),  and  Recorded on 12/20/2005 as Instrument No. 2005001016111  of official
records of Orange County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this
conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of  the Recorder of said
County, and such default still existed at the time of sale.

### MAIL TAX STATEMENTS AS DIRECTED ABOVE

FCUS_TrusteeDeedUponSale.rpt- (10/17/2011) / Ver-26                                                              Page 1 of 2

Trustee Sale No. : 20080134008656          Title Order No.:

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 11/02/2015. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being 684,100.30 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale.

DATED: 01/04/2016

NDEx West, L.L.C., as Trustee



**Jesus Angulo**
**Operations Manager**

_____
1/4/2016
DATED

State of      TEXAS      }
County of    DALLAS    }

On _____1/4/2016_____ before me, _____BRUCE A. COCKLIN_____ Notary Public, personally appeared _Jesus Angulo_ who is known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)

My commission expires: __04 - 01 - 2018__



"This Instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

FCUS_TrusteeDeedUponSale.rpt- (10/17/2011) / Ver-26

Page 2 of 2

THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: 1/15/2016

CERTIFICATION FEE: 3.00

COUNTY CLERK-RECORDER

Hugh Nguyen

ORANGE COUNTY
STATE OF CALIFORNIA

Document Number: 2016000003031 Page: 3 of 3

## Cashier Management System

| Order Details |
|---|

**Order Number:** 81880

**Ordered by:** C

### Documents

| Document ID | Title Name | Record Date/Time | Purchase Type | Copies | Pages | Total Pages | Amount | No Fee |
|---|---|---|---|---|---|---|---|---|
| 2016000003031 | TRUSTEES DEED | 1/5/2016 12:00:00AM | Certified Copy | 1 | All | 2 | $3.00 | No |

**Documents Total:** $3.00

### Print Lists

| County | State | Search Condition | Amount | No Fee |
|---|---|---|---|---|

**Print Lists Total:**

**Total Amount:** $3.00

**BARRETT DAFFIN FRAPPIER**
**TURNER & ENGEL, L.L.P.**
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

**DUSTIN DREHER**
MANAGING ATTORNEY

4004 BELT LINE ROAD, SUITE 100
ADDISON, TEXAS 75001
TELEPHONE: (972) 341-5345
TELECOPIER: (972) 341-5075

EMAIL: DustinD@bdfgroup.com

June 8, 2016

**<u>SENT VIA CERTIFIED AND REGULAR MAIL</u>**

Cynthia L. Brown
P.O. Box 4806
Orange, CA 92863

RE: Request for Notary Journal Book of Bruce Cocklin

Ms. Brown,

Enclosed are the certified copies you requested.

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Barrett Daffin Frappier Turner & Engel, LLP

By:_____

Dustin Dreher, Managing Attorney
Attorneys for Bruce A. Cocklin

DJD/dd
Enclosures

cc: Belinda Cook
Notary Public Complaints
Government Filings Section
P.O. Box 13375
Austin, Texas 78711
**VIA REGULAR MAIL**

| Page 1 | DATE NOTARIZED | TYPE OF NOTARIZATION | DATE OF DOCUMENT | TYPE OF DOCUMENT | PRINTED | SIGNATURE OF INDIVIDUAL | SIGNATURE |
|---|---|---|---|---|---|---|---|
| 1 | 12·10·15 | Ack | 12·10·15 | TRD 3pm 5264940 | Jesus Angulo | 1 | See Back Page |
| 2 | 12·11·15 | Ack | 12·11·15 | TDUS 4pm 2013005D0U07 | Jesus Angulo | 1 | |
| 3 | 12·11·15 | Ack | 12·11·15 | TDBS 3pm 5392431 | Jesus Angulo | 1 | |
| 4 | 12·11·15 | Ack | 12·11·15 | TDUS 3pm 4229936 | Jesus Angulo | 1 | |
| 5 | 12·14·15 | Ack | 12·14·15 | TDUS 2pm 5328090 | Jesus Angulo | 1 | |
| 6 | 12·14·15 | Ack | 12·14·15 | TDUS 2pm 5328051 | Jesus Angulo | 1 | |
| 7 | 12·28·15 | Ack | 12·28·15 | TDUS 2pm 20100P15002496 | Jorge Rios-Jimenez | Jorge Rios | |
| 8 | 1·4·16 | Ack | 1·4·16 | TDUS 2pm 200901340021S6 | Jesus Angulo | 1 | |
| 9 | 1·6·16 | Ack | 1·6·16 | TDUS 2pm 201001500287 | Jesus Angulo | 1 | |
| 10 | 1·6·16 | Ack | 1·6·16 | TDUS 2pm 201001500060 | Jesus Angulo | 1 | |
| 11 | 1·7·16 | Ack | 1·7·16 | TDUS 2pm 5294424 | Jesus Angulo | 1 | |
| 12 | 1·7·16 | Ack | 1·7·16 | TDUS 2pm 5304457 | Jesus Angulo | 1 | |
| 13 | 1·8·16 | Ack | 1·8·16 | TDUS 2pm 2050010101608 | | | |
| 14 | 1·14·16 | Ack | 1·14·16 | TDUS 3pm 4090677 | Jesus Angulo | 1 | |
| 15 | 1·15·16 | Ack | 1·15·16 | TDUS 2pm 4899085 | Jesus Angulo | 1 | |
| 16 | 1·15·16 | Ack | 1·15·16 | 501 429 501 1/4 | Erica Jones | 1 | |
| 17 | 1·15·16 | Ack | 1·15·16 | 5284492 501 1P4 | Erica Jones | 1 | |
| 18 | 1·15·16 | Ack | 1·15·16 | 5474483 501 1P4 | Erica Jones | | |

The undersigned certifies that this a true
and correct copy of the original, to witness
which my hand and seal:



Bruce A. Cocklin, ID: 7393064 Notary
Public in and for the State of Texas

BRUCE A. COCKLIN
ID # 7393064
Notary Public, State of Texas
My Commission Expires
04/01/2018

| NOTARY FEE | FINGERPRINT AND OTHER INFORMATION. | FINGERPRINT AND OTHER INFORMATION. | DETAILED IDENTIFICATION OF INDIVIDUAL | ADDRESS OF INDIVIDUAL |
|---|---|---|---|---|
| $0.00 | N/A 2 | N/A 1 | Personally Known | 15990 Surveyor Blvd Addison TX 75001 |
| $ | 4 | 3 | | |
| $ | 6 | 5 | | |
| $ | 8 | 7 | | |
| $ | 10 | 9 | | |
| $ | 12 | 11 | | |
| $ | 14 | 13 | | |
| $ | 16 | 15 | | |
| $ | 18 | 17 | | |

The undersigned certifies that this a true
and correct copy of the original, to witness
which my hand and seal.



Bruce A. Cocklin, ID: 7393064 Notary
Public in and for the State of Texas

BRUCE A. COCKLIN
ID # 7393064
Notary Public, State of Texas
My Commission Expires
04/01/2018

| Page 29 | DATE NOTARIZED | TYPE OF NOTARIZATION | DATE OF DOCUMENT | TYPE OF DOCUMENT | SIGNATURE OF INDIVIDUAL PRINTED. | SIGNATURE |
|---|---|---|---|---|---|---|
| 1 | | | | | Jesus Angulo | |
| 2 | | | | | ERICA JONES | |
| 3 | | | | | CLAYTON GOFF | |
| 4 | | | | | MANUEL LOEZA | |
| 5 | | | | | Jorge Rios-Jimenez | |
| 6 | | | | | ELAINA MOORE | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |

The undersigned certifies that this a true
and correct copy of the original, to witness
which my hand and seal.



Bruce A. Cocklin, ID: 7393064 Notary
Public in and for the State of Texas

| ADDRESS OF INDIVIDUAL | DETAILED IDENTIFICATION OF INDIVIDUAL | FINGERPRINT AND OTHER INFORMATION | NOTARY FEE |
|---|---|---|---|
| David Swaryer 1514A Address TX 76 001 | Proved to be arrband (Dateraterial | 1 | $ |
| | | | $ 2 |
| | | 3 | $ |
| | | | $ 4 |
| | | 5 | $ |
| | | | $ 6 |
| | | 7 | $ |
| | | | $ 9 |
| | | 9 | $ |
| | | | $ 10 |
| | | 11 | $ |
| | | | $ 12 |
| | | 13 | $ |
| | | | $ 14 |
| | | 15 | $ |
| | | | $ 16 |
| | | 17 | $ |
| | | | $ 18 |

The undersigned certifies that this a true
and correct copy of the original, to witness
which my hand and seal.

Bruce A. Cocklin, ID: 7393064 Notary
Public in and for the State of Texas



BRUCE A. COCKLIN
ID # 7393064
Notary Public, State of Texas
My Commission Expires
04/01/2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3
# **Assignment Deed Of Trust**

Recording requested by:
NDEx West, L.L.C.

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

ASSG20070134000606

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

6.00

2007000260738 08:00am 04/24/07
117 92 A32 1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

Space above this line for Recorder's use only

Trustee Sale No. : 20070134000606      Title Order No.: 30058364

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 all beneficial interest under that certain Deed of Trust dated 12/13/2005 executed by CYNTHIA L. BROWN A SINGLE WOMAN, as Trustor to FIDELITY NATIONAL TITLE, Trustee and recorded as Instrument No. 2005001016111 on 12/20/2005, of Official Records in the County Recorder's office of ORANGE County, California. Describing land therein as:

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated

2-8-2007

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR LENDER AND LENDERS SUCCESSORS AND ASSIGNS

State of   Texas                    )
County of  Dallas                   )

On  April 16, 2007  before me,  Donna G. Workman  Notary Public, personally appeared
Stephen  C.  Porter                                    personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature:  Donna H Woll              (Seal)

DONNA G. WORKMAN
Notary Public
State of Texas
My Comm Exp: 09-30-2007

My commission expires:  09-30-2007

CAASGNDOT.rpt - 04/10/2007 - Ver-7

Page 1 of 1

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||   9.00

2008000367084 08:00am 08/01/08
119 156 A32 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Recording requested by:
**NORTH AMERICAN TITLE COMPANY - California**

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

# *ASSG20080134
ASSG20080134008656

Space above this line for Recorder's use only

Trustee Sale No. : 20080134008656    Title Order No. : 20080134008656   116/132

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR-IN-INTEREST all beneficial interest under that certain Deed of Trust dated 12/13/2005, executed by CYNTHIA L BROWN, as Trustor to FIDELITY NATIONAL TITLE, Trustee, and Recorded on 12/20/2005 as Instrument No. 2005001016111 of Official Records in the County Recorder's office of ORANGE County, California. Describing land therein: AS DESCRIBED IN DEED OF TRUST MENTIONED ABOVE.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: July 24, 2008

WELLS FARGO BANK, N.A. ATTORNEY-IN-FACT FOR JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2005-2

State of **South Carolina**
County of **York**

Gerald Foreman, VP of Loan Documentation

On July 24, 2008, before me, Lisa Rhyne, Notary Public, personally appeared Gerald Foreman, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

(If signed and notarized in California):

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

OFFICIAL SEAL
Notary Public
State of South Carolina
LISA RHYNE
My Commission Expires March 05, 2018

Signature

My commission expires: _____

CAASGNDOT.rpt - (01/25/08) / Ver-12

Page 1 of 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4
# **Notice of Default**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*SR0007068947S*   18.00

2014000444583 2:04 pm 10/31/14
276 405 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Recording requested by:
LSI Title Company

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

APN #: 378-111-01
Property Address:
17841 LINCOLN STREET
VILLA PARK, CALIFORNIA  92861

DFF20080134008656

Space above this line for Recorder's use only

Trustee Sale No. : 20080134008656          Title Order No.:

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER**
**DEED OF TRUST**

<u>ATTENTION RECORDER</u>: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES
ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you
may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your
account, which is normally five business days prior to the date set for the sale of your property. No sale
date may be set until approximately 90 days from the date this Notice of Default may be recorded
(which date of recordation appears on this notice).

This amount is **$460,042.70** as of 10/30/2014 and will increase until your account becomes current.
While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes)
required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan,
pay taxes on the property, provide insurance on the property, or pay other obligations as required in
the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order
to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a
condition of reinstatement that you provide reliable written evidence that you paid all senior liens,
property taxes, and hazard insurance premiums.

FCUS_NoticeOfDefault.rpt - Record - (05/1/2013) - Ver-40

Page 1 of 3

**Exhibit D**

Case 8:20-cv-01922-JLS-DFM   Document 37   Filed 12/04/20   Page 34 of 44   Page ID #:891

Case 8:15-ap-01240-ES   Doc 4-1   Filed 06/10/15   Entered 06/10/15 12:41:33   Desc
Request for Judicial Notice with attached Exhibits   Page 29 of 44

IMPORTANT NOTICE
NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Trustee Sale No.: 20080134008656        Title Order No.:

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

AMERICA'S SERVICING COMPANY
c/o NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013
(866) 795-1852

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: NDEx West, L.L.C. is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 12/13/2005, executed by CYNTHIA L BROWN, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), as Beneficiary Recorded on 12/20/2005 as Instrument No. 2005001016111 of official records in the Office of the Recorder of ORANGE County, California, as more fully described on said Deed of Trust. Including a Note(s)/ Unconditional Guaranty which had a principal amount of $880,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

FCUS_NoticeOfDefault.rpt - Record - (05/1/2013) - Ver-40                                        Page 2 of 3

**Exhibit D**

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20080134008656          Title Order No.:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 03/01/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

DATED: 10/30/2014

NDEx West, L.L.C. as Trustee for Beneficiary

By: _____

Clayton Goff, Associate Attorney

FCUS_NoticeOfDefault.rpt - Record - (05/1/2013) - Ver-40

Page 3 of 3

**Exhibit D**

# DECLARATION OF COMPLIANCE

### *(California Civil Code Section 2923.55(c))*

Borrower(s): CYNTHIA L BROWN

Property Address: 17841 LINCOLN ST
VILLA PARK CA 92861

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wells Fargo Bank, N.A

By: _Karina Howze_
Name: Karina Howze
Title: VP Loan Documentation
Date: 5/2/2014

053_CA_V3

**Exhibit D**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5
## **Dimond Cease and Desist Letter**

STATE OF CALIFORNIA – BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY

EDMUND G. BROWN JR., Governor

**DEPARTMENT OF BUSINESS OVERSIGHT**
*Ensuring a fair and secure financial services marketplace for all Californians*



August 13, 2013

Craig Ronald Dimond
Private Funding Partners, LLC
8502 E. Chapman Ave.
Orange, California 92869

Re: Desist and Refrain Order for violations of Corporations Code section 25401

Dear Mr. Dimond:

Enclosed is a Desist and Refrain Order ("Order") for violations of Corporations Code sections 25401 issued against you and Private Funding Partners, LLC.

California Corporations Code section 25532 sets forth the authority of the Commissioner to issue the Order and your right to an Administrative Hearing if you challenge it.

A copy of Corporations Code section 25532 is attached.

Should you have any questions or concerns, please contact the undersigned at the number provided below.

Sincerely,
JAN LYNN OWEN
Commissioner of Business Oversight

By *Michelle Lipton*

Michelle Lipton
Senior Corporations Counsel
Enforcement Division
(213) 576-7591

1515 K Street, Suite 200
Sacramento, CA 95814-4052
(916) 445-2705

1810 13th Street
Sacramento, CA 95811
(916) 322-5966

One Sansome Street, Suite 600
San Francisco, CA 94104-4428
(415) 972-8565

45 Fremont Street, Suite 1700
San Francisco, CA 94105
(415) 263-8500

320 West 4th Street, Suite 750
Los Angeles, CA 90013-2344
(213) 576-7500

300 S. Spring Street, Suite 15513
Los Angeles, CA 90013
(213) 897-2085

1350 Front Street, Room 2034
San Diego, CA 92101-3697
(619) 525-4233

7575 Metropolitan Drive, Suite 108
San Diego, CA 92108
(619) 682-7227

www.dbo.ca.gov • 1-866-275-2677

024

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF BUSINESS OVERSIGHT**

TO:   Craig Ronald Dimond
      Private Funding Partners, LLC
      8502 E. Chapman Ave.
      Orange, California 92869

**DESIST AND REFRAIN ORDER**
**(For violations of section 25401 of the Corporations Code)**

The Commissioner of Business Oversight finds that:

1.      At all relevant times herein, Private Funding Partners, LLC, a California corporation, which was formed on March 14, 2005, was located at 8502 E. Chapman Ave., Orange, California 92869.

2.      At all relevant times herein, Craig Ronald Dimond ("Dimond") was the managing partner and managing director of Private Funding Partners, LLC.

3.      Beginning in or about May 2006 and continuing through at least May 2008, Dimond and Private Funding Partners, LLC offered and sold securities in the form of promissory notes in Private Funding Partners, LLC to more than seven investors totaling at least $1,000,000.00.

4.      Dimond, through Private Funding Partners, LLC, provided to investors short-term promissory notes that ostensibly were secured by deeds of trust.  Those promissory notes stated that investors would receive a fixed rate of return between nine percent (9%) and nineteen percent (19%) per annum.  Dimond represented to investors that their funds would go towards secured investments, including, but not limited to, bridge loans that would generate high rates of return.  Furthermore, investors were told that their investments would be secured by deeds of trust. In actuality, the trust deeds were fraudulent because they were forged and, therefore, did not secure the investments that Dimond said would be safeguarded by the trust deeds.

5.      Dimond, through Private Funding Partners, LLC, would convince investors to roll-over their promissory notes upon maturity into new promissory notes.  When investors chose not to

-1-
DESIST AND REFRAIN ORDER

025

1  roll-over their promissory notes and asked Dimond to pay back the principal and interest amounts due
2  to them upon maturity of those notes, Dimond would send insufficiently funded checks to the
3  investors.

4       6.     In connection with the offer and sale of these securities, Dimond and Private Funding
5  Partners, LLC made material misrepresentations of facts and also omitted to state material facts
6  necessary in order to make the statements made, in the light of the circumstances under which they
7  were made, not misleading.  These misrepresentations and omissions included, but are not limited to,
8  the following:

9       a.     Investors were told that Dimond's alleged business ventures were earning as much as
10  30% in returns.

11       b.     Investors were told that Private Funding Partners, LLC was loaning money to various
12  business entities, including, but not limited to, Joneca Corporation;

13       c.     Investors were told that their investments would be secured by real estate deeds of
14  trust, when in actuality they were not because the trust deeds were forged;

15       d.     Investors were told that the investment would earn a fixed rate of return between 9%
16  and 19% per annum;

17       e.     Investors were not told that they were investing in a Ponzi scheme and that any
18  purported returns received on their investment money came from other investors' money and not
19  from any investment returns derived from Dimond's alleged business ventures; and

20       f.     Investors were not told that Dimond was using investor money for his own
21  personal use.

22       Based upon the foregoing findings, the Commissioner of Business Oversight is of the opinion
23  that the securities offered and sold by Dimond and Private Funding Partners, LLC were offered and
24  sold in this state by means of written or oral communications that included untrue statements of
25  material fact or omitted to state material facts necessary in order to make the statements made, in the
26  light of the circumstances under which they were made, not misleading, in violation of section 25401
27  of the Corporate Securities Law of 1968. Pursuant to Section 25532 of the Corporate Securities Law
28

State of California - Department of Business Oversight

1 of 1968, Craig Ronald Dimond and Private Funding Partners, LLC are hereby ordered to desist and
2 refrain from offering or selling or buying or offering to buy any security in the State of California,
3 including, but not limited to, promissory notes in Private Funding Partners, LLC by means of any
4 written or oral communication which includes an untrue statement of a material fact or omits to state
5 a material fact necessary in order to make the statements made, in the light of the circumstances
6 under which they were made, not misleading.

7     This Order is necessary, in the public interest, for the protection of investors and consistent
8 with the purposes, policies, and provisions of the Corporate Securities Law of 1968.

9 Dated: August 7, 2013
10     Los Angeles, California

11                              JAN LYNN OWEN
                               Commissioner of Business Oversight
12

13              By
14                                  MARY ANN SMITH
                                   Deputy Commissioner
15                                 Enforcement Division

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
DESIST AND REFRAIN ORDER

State of California - Department of Business Oversight

## Corporations Code Section 25532

(a) If, in the opinion of the commissioner, (1) the sale of a security is subject to qualification under this law and it is being or has been offered or sold without first being qualified, the commissioner may order the issuer or offeror of the security to desist and refrain from the further offer or sale of the security until qualification has been made under this law or (2) the sale of a security is subject to the requirements of Section 25100.1, 25101.1, or 25102.1 and the security is being or has been offered or sold without first meeting the requirements of those sections, the commissioner may order the issuer or offeror of that security to desist and refrain from the further offer or sale of the security until those requirements have been met.

(b) If, in the opinion of the commissioner, a person has been or is acting as a broker-dealer or investment adviser, or has been or is engaging in broker-dealer or investment adviser activities, in violation of Section 25210, 25230, or 25230.1, the commissioner may order that person to desist and refrain from the activity until the person has been appropriately licensed or the required filing has been made under this law.

(c) If, in the opinion of the commissioner, a person has violated or is violating Section 25401, the commissioner may order that person to desist and refrain from the violation.

(d) If, after an order has been served under subdivision (a), (b), or (c), a request for hearing is filed in writing within 30 days of the date of service of the order by the person to whom the order was directed, a hearing shall be held in accordance with provisions of the Administrative Procedure Act, Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, and the commissioner shall have all of the powers granted under that chapter.  Unless the hearing is commenced within 15 business days after the request is filed (or the person affected consents to a later date), the order is rescinded.

If that person fails to file a written request for a hearing within 30 days from the date of service of the order, the order shall be deemed a final order of the commissioner and is not subject to review by any court or agency, notwithstanding Section 25609.

# Private Funding Partners, LLC

--------------------------------------------------------------------------------------------------------

🌐 dbo.ca.gov/enf-p/private-funding-partners-llc

**License or Case Number:**

**Date of Initial Action:** 08/07/13

**Defendants/Respondents:** Private Funding Partners, LLC.; Craig Ronald Dimond

## Documents:

08/07/13 – Desist & Refrain Order

To check the status of this licensee, please use our Self-Service Portal, DOCQNET.

If you have questions or need assistance, please call our Customer Service Office at: **1-866-275-2677**

- Consumer Alerts
- Consumer Advisories
- File a complaint
- Search for DBO Licensees
- Actions, Orders and Administrative Hearing Decisions
- Submit a Public Records Request

- Newsroom
- Press Releases
- Monthly Bulletins
- Important Notices
- Resources
- Archive

*Last updated: May 29, 2019 @ 11:15 am*

# State of California
## Secretary of State

CERTIFICATE OF STATUS

ENTITY NAME:   PRIVATE FUNDING PARTNERS, LLC

FILE NUMBER:          200507610069
FORMATION DATE:       03/14/2005
TYPE:                 DOMESTIC LIMITED LIABILITY COMPANY
JURISDICTION:         CALIFORNIA
STATUS:               SUSPENDED

I, ALEX PADILLA, Secretary of State of the State of California,
hereby certify:

The records of this office indicate the California Franchise Tax Board
suspended the entity's powers, rights and privileges on January 2, 2014,
pursuant to the provisions of the California Revenue and Taxation Code,
and the entity's powers, rights and privileges remain suspended.



IN WITNESS WHEREOF, I execute this
certificate and affix the Great Seal
of the State of California this day of
May 14, 2018.

**ALEX PADILLA**
Secretary of State

MKK

NP-25 (REV 03/2018)