1   Timothy M. Ryan, Bar No. 178059
    Andrew J. Mase, Bar No. 300680
2   Tadeusz McMahon, Bar No. 304699
    THE RYAN FIRM
3   A Professional Corporation
    2603 Main St, Suite 1225
4   Irvine, CA 92614
    Telephone (949) 263-1800; Fax (949) 872-2211
5
6   Attorneys for Defendant Bank of New York Mellon, Formerly Known as the Bank of
    New York as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee for
7   Structured Asset Mortgage Investments II Inc. Bear Sterns ALT-A Trust 2006-2,
    Mortgage Pass-Through Certificates, Series 2006-2
8
9
10              IN THE CENTRAL DISTRICT OF CALIFORNIA

11          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

12
13   Cynthia L. Brown,                    )   CASE NO.: 8:20-cv-01922-JLS-DFM
                                          )
14              Plaintiff,                )   Date Action Filed: September 11, 2020
                                          )
15   vs.                                  )   Assigned to
                                          )   Hon. Josephine L. Staton
16   BANK OF NEW YORK MELLON,             )
     FORMERLY KNOWN AS THE                )
17   BANK OF NEW YORK AS                  )
     SUCCESSOR IN INTEREST TO JP          )   **DEFENDANT'S OPPOSITION TO**
18   MORGAN CHASE BANK, N.A. AS           )   **PLAINTIFF'S THIRD *EX PARTE***
     TRUSTEE FOR STRUCTURED               )   **APPLICATION**
19   ASSET MORTGAGE                       )
     INVESTMENTS II INC. BEAR             )
20   STERNS ALT-A TRUST 2006-2,           )
     MORTGAGE PASS-THROUGH                )
21   CERTIFICATES, SERIES 2006-2,         )
     and DOES 1-100, inclusive,          )
22                                        )
                Defendants.               )
23   _____  )
24
25
26
27
28

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

Defendant The Bank of New York Mellon, Formerly Known as the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("Defendant" or "BONYM") submits the following memorandum of points and authorities in opposition to plaintiff Cynthia L. Brown's ("Plaintiff" or "Brown") *ex parte* application filed on January 11, 2021.

1.  **THIS IS PLAINTIFF'S THIRD *EX PARTE* APPLICATION REQUESTING THAT POSSESSION OF THE PROPERTY BE RETURNED TO HER AND IS AN IMPROPER MOTION FOR RECONSIDERATION**

Seemingly emboldened by the OSC re Sanctions against Defendant,[1] Plaintiff brings a **third** *ex parte* application requesting that possession of the property at issue be returned to her**,** based on the same grounds that have been litigated against Defendant for years.[2] This is tantamount to an improper motion for reconsideration of the Court's prior orders denying Plaintiff's *ex parte* applications—one of which *already was* a motion for reconsideration.

On November 23, 2020, the Court denied Plaintiff's initial *ex parte* application to regain possession of the property, noting that "Brown has had the opportunity to be heard by multiple courts over ten years, and each one has found BONYM to be an innocent party in any alleged fraudulent scheme and the owner of a valid note and deed of trust." [Doc. 32.] On December 4, 2020, Brown filed an *ex parte* application for reconsideration

---

[1] Since the OSC was issued, attorney Mase has received several emails from Ms. Brown's colleagues and associates that are increasingly combative.  The tenor on social media has also escalated.  Some of these individuals have a public presence on social media that leads Mr. Mase to believe that they are capable of committing physical violence.  Based on recent national events, and the purported new presence of two alleged "associations" that are working with Ms. Brown, attorney Mase has had to reinstall security cameras at his residence out of fear of personal harm to him, his wife, and 11 month old son.

[2] It appears that an individual named Michael Roberts, who does not appear to be an attorney, is assisting Plaintiff in preparing and filing her *ex parte* application. The Court should strongly caution Mr. Roberts, and whoever else Plaintiff has enlisted in her efforts, against the unlicensed practice of law or the practice of law by an attorney that is not licensed in California or before this Court. [*See* Brown's Supp. Decl., ¶ 2.]

of the order denying her motion, again requesting that possession of the property be returned to her. [Doc. 37, p. 8.] The Court denied Brown's motion on December 8, 2020, on grounds that Plaintiff did not meet her burden in establishing grounds for reconsideration. [Doc. 40.]

Here, for a third time on an *ex parte* basis, Plaintiff requests that possession of the subject property be returned to her. But this has already been litigated several times in this court. As noted by the Court in its order dated December 8, 2020, Local Rule 7-18 requires a showing of "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." None of these requirements are satisfied, let alone discussed.

As noted below, Plaintiff's new theory concerning the securitization of her loan were raised in Brown's 2017 action against Defendant, and the rest of her argument are based on what Plaintiff alleges transpired during the eviction or during the removal of this matter from state court, all of which were known to Plaintiff at the time she filed her initial *ex parte* application (and her subsequent *ex parte* application for reconsideration). And these matters have been presented to this Court already as well. No new facts or law are presented that either were not, or could not have been presented earlier. And Plaintiff fails to demonstrate how the Court failed to consider any facts before it earlier. Indeed, in its ruling dated December 8, 2020, the Court expressly stated that it "comprehensively reviewed all relevant state court proceedings prior to issuing its Order." [Doc. 40.]

Further, Plaintiff's declaration is devoid of any evidence to support her theories. Brown claims in her declaration that she has "first hand knowledge" of the "suspicious instruments," but fails to offer any specific evidence to support her statements. This is nearly identical to Ms. Brown's prior cases where she challenged the foreclosure and

THE RYAN FIRM
A Professional Corporation

1   eviction on grounds that the instruments were "fraudulent" or somehow "void"—rejected

2   by the Court of Appeal on three occasions.

3       Lastly, L.R. 7-18 states that "any motion for reconsideration must be filed no later

4   than 14 days after entry of the Order that is the subject of the motion or application."

5   Here, Plaintiff's *ex parte* application was filed on January 11, 2021—well beyond the 14-

6   day time period for reconsideration of the orders dated December 8, 2020, or November

7   23, 2020.

8       **2.   PLAINTIFF'S NEW THEORIES WERE ALREADY LITIGATED IN 2017,**

9           **RESULTING IN A FINAL JUDGMENT IN FAVOR OF DEFENDANT,**

10          **AND PLAINTIFF HAS NO LIKELIHOOD OF SUCCESS**

11      A significant portion of Plaintiff's *ex parte* application discusses her theories

12  concerning the securitization of her mortgage loan. However, such a theory was expressly

13  raised by Plaintiff in her 2017 action against Defendant, *Brown v. Bank of New York*

14  *Mellon*, Case No. 30-2017-0092887 ("2017 Action") and addressed by the Court of

15  Appeal in in its opinion affirming the trial court's order sustaining BONYM's demurrer:

16      "The one claim that may survive is Brown's alternative basis for wrongful
17      foreclosure: that Mellon, as trustee of a securitized pool of mortgages,
        acquired Brown's mortgage after the closing date listed in the pooling and
18      servicing agreement, and thus the assignment to Mellon was void.
        However, we conclude Brown has no standing to assert that alleged breach
19      of the pooling and servicing agreement… **We have seen this generic**
        **allegation countless times**. Based on *Rajamin*, this allegation is
20      insufficient to establish that the transfer was void. And without a sufficient
        allegation that the transfer was void, Brown does not have standing to
21      challenge the transfer." [*See* Doc. 51, Defendant's Request for Judicial
22      Notice filed on January 7, 2021, Exhibit 5, p. 8 (emphasis added).]

23      This newly raised theory is unequivocally barred by the doctrine of *res judicata*. [*See*

24  *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 (The doctrine of res

25  judicata will provide such conclusive effect when the following elements are present: "(1)

26  A claim or issue raised in the present action is identical to a claim or issue litigated in a

27  prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and

28

**THE RYAN FIRM**
A Professional Corporation

(3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.").] It is an identical claim that was raised before, the claim was adjudicated in favor of BONYM, and the parties are the same. Accordingly, Plaintiff's *ex parte* application to regain possession of the subject property should be summarily denied.

### 3. **CONCLUSION**

Based on the forgoing, Defendant respectfully requests that Plaintiff's Third *ex parte* application be denied in its entirety, and that the Court strongly caution Plaintiff (and her team of unlicensed attorneys) from pursuing any further *ex parte* requests seeking the same relief. Brown has filed dozens of motions over the years, in various forums, litigating her same theories against Defendant. This repeated conduct is harassing and it forces Defendant to unnecessarily incur fees in opposing each meritless filing. Plaintiff's endless litigation about her foreclosure and eviction judgment is not proper, particularly after *three* final judgments have been issued by three separate courts, all affirmed on appeal, about these issues.

DATED: January 12, 2021

THE RYAN FIRM
A Professional Corporation


By:   /s/ Tadeusz McMahon
      TIMOTHY M. RYAN
      ANDREW J. MASE
      TADEUSZ MCMAHON
      Attorneys for Defendant Bank of New York Mellon

**THE RYAN FIRM**
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 2603 Main St, Suite 1225, Irvine, CA 92614.

On January 12, 2021, I served the within document(s) described as:  **DEFENDANT'S OPPOSITION TO PLAINTIFF'S THIRD *EX PARTE* APPLICATION** on the interested parties in this action:

☒      by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐  addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Cynthia L. Brown<br>P.O. Box 4806<br>Orange, CA 92863 | Phone: (714) 618-2034<br>Fax: *<br>Email:<br>cindyforthepeople@yahoo.com | Plaintiff in Pro Per |

☒      **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2021, at Irvine, California.


_____/s/ Heather Morris_____
HEATHER MORRIS