1
2
3
4

Cynthia L. Brown
P.O. Box 4806
Orange, CA 92863
(714) 618-2034

Plaintiff, Pro Se

5
6
7

8           **IN THE CENTRAL DISTRICT OF CALIFORNIA**

9        **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11   CYNTHIA L. BROWN,                    CASE NO.: 8:20-cv-01922-JLS-DFM
                                          SUPERIOR CT CASE NO.: 30-2020-01159870
12            Plaintiff,                  Date Action Filed: September 11, 2020

13                                        Assigned to:
     vs.                                  Hon. Josephine L. Staton
14

15   BANK OF NEW YORK MELLON,
     FORMERLY KNOWN AS THE                PLAINTIFF REPLY:
16   BANK OF NEW YORK AS                  **DECLARATION OF CYNTHIA L. BROWN**
     SUCCESSOR IN INTEREST TO             **RE DECLARATION OF TADEUSZ**
17   JPMORGAN CHASE BANK, N.A.            **MCMAHON RESPONDING TO**
     AS TRUSTEE FOR STRUCTURED            **PLAINTIFF'S RESPONSE TO THE OSC**
18   ASSET MORTGAGE                       **SANCTIONS SCHEDULED FOR**
     INVESTMENTS II INC. BEAR             **JANUARY 29, 2021.**
19   STEARNS ALT-A TRUST 2006-2,
20   MORTGAGE PASS-THROUGH
     CERTIFICATES, SERIES 2006-2,
21

22            Defendants.

23
24
25
26
27

                                                                              1

## DECLARATION OF CYNTHIA L. BROWN

I, Cynthia L. Brown (Plaintiff), declare as follows:

1. I am not an attorney.

2. I am a Certified Administrative Coordinator For The American Disabilities Act, Amended Act (ADA). I have a strong understanding of state and federal laws.

3. I can and will competently testify to each statement of fact with first-hand and personal knowledge if called to testify.

4. I am a party to this matter which I can testify to voluminous procedural errors and the improper removal from the state court (30-2020-01159870-CU-OR-CJC) made in bad-faith.

5. Attorneys Tadeusz McMahon (McMahon) and Andrew Mase (Mase) failed to service "Notice" prior to the removal. Notice must be given to the state court and adversary (plaintiff), prior to the removal.

6. Attorneys McMahon and Mase,  jointly ("Partners") and willingly abused the courts process and removed the state case to federal court to avoid sanctions at the preliminary injunction hearing calendared for October 27, 2020.

7. I am fully aware of the state court "Temporary restraining order" (TRO) and can explain the validity to its issuance. In addition, the TRO does not have an expiration, because a "Preliminary Injunction Hearing" was set for hearing at the state court.

8. Plaintiff has added parties to complaint, pursuant to the courts "Initial Standing Orders" (Docket 6) 28 USC 1447 (c), (d); defendants "Diversity of Citizenship" has been destroyed by substituting the parties. The matter should be remanded to the state origin.

9. Attorneys (McMahon and Mase) have skillfully side-stepped the issue of an "ABUSIVE PROCESS" (Preliminary Injunction Hearing – not re-noticed for hearing, Rule 28 USC 1447(b)). Here now, the attorneys are preventing the remand again.

10. The Attorneys have kept Plaintiff busy, by demanding the removal of personal belongings from the home during the COVID-19 PANDEMIC. The purported "Meet and Confer" was skillful concoct to persuade this court of its compliance, as what has been the pattern of practice for years of litigation, including but not limited to shifting multiple

2

attorneys from different law firms on this case (without proper "Notice of Appearance" or "Withdraw from the case").

11. The attorneys have shown diligent and skilled "forum shopping" from the state court. Title to plaintiff's real property (Penal code 487) is void, not voidable and is in dispute under Civ. Code and Procedure §2924 ET SEQ.

**PLAINTIFF OPPOSES T. MCMAHON DECLARATION:**

   **History.**

12. Attorney McMahon and Mase (Associate partners) jointly and knowingly ignored Plaintiff's refusal to accept electronic service or emails, specifically from THE RYAN FIRM and ZIEVE, BRODNAX and STEELE law firm.

13. The partnering law firms stated above have previously harassed and emailed suspicious zip files electronically. When the files were opened, the computer was exposed to malware viruses that complicated the computers operation. Because of this conduct, Plaintiff was compelled to refuse any further emails or communication via electronic devices from defendants' attorneys and demanded all documents be served via U.S. Postal Service. Importantly, the voluminous paperwork consists of (8) eight pages on a single page of paper, front and back **[See, Exhibit 1 – Improper service**].

14. Inclusive, prior hostile communications (Oral) between the parties result in misinformation to the courts. The conduct of defendant's counsel is psychological warfare.

15. Plaintiff's request by U.S. Postal Service was intended to secure amicable communications that would hold court compliance and truthfulness between the parties. However, this has continued to fail.

16. Since November 16, 2020 (Eviction without a Court Order), Attorney Mase has communicated that he did not want to speak with Plaintiff and would rather communicate with Attorney Joan Jackson. I relied on all communications from THE RYAN FIRM through Attorney Joan Jackson.

17. Much of Plaintiffs focus after the unlawful eviction (11/16/20) has been

3

coordinated by Mase, Ordering the move during the COVID 19 PANDEMIC. Plaintiff has aggressively packed and moving belongings into storage units (Ordered by, A. Mase) and attempted to comply with federal courts.

18. It has been extremely difficult finding internet connections and keeping devices charged in the car. Participation in this litigation has been very unbalanced and unfair. Special Accommodations have not been available for the devastating eviction.

19. The statements of Attorney McMahon and Mase are false.

20. Attorney McMahon is a willful participant of the November 16, 2020 eviction with Mase. Both attorneys were seen entering and leaving the property 17841 Lincoln Street, Villa Park, CA 92861 [**Exhibit 2**] (without a court order from the state or federal court), each have knowledge of the participation of the raid and disarming of devices, *inter alia*. **[Video available]**

21. McMahon's declaration, being a participant to the unlawful eviction ("Raid"), must not be accepted as reliable witness.

22. In fact, twenty-five percent (25%) of Plaintiff's litigation paperwork remains in the custodial record-keeping of Attorney Mase, McMahon and an unknown suspicious male (purported manager) having direct access to the property (keys).

23. Plaintiff has relied on friends and homeowner assistance agencies to aid in moving and preparing documents for plaintiff, because plaintiff was forced from the property during the COVID 19 PANDEMIC and is currently homeless living in a vehicle with limited means to review and sort through files.

24. Attorney Mase and McMahon have advantageously enjoyed full access to participate in this court and has destroyed the integrity of fairness.

25. Both Attorneys willfully planned to disarm Plaintiffs Internet services, devices for scanning, unplugged the telephone service, amongst other things, so they could destroy the case and its files. [See attached, Exhibit 2 - Photos of Unplugged Devices].

26. I am a victim of Identity Theft (Penal code §530.5) and title fraud.

27. I have never experienced such lies, abuse, and theft in my life.

28. I am a 1988 United States Olympic Gold Medalist, for the Women's Basketball

4

Team. <u>I never received or stole any money from the banks or a private lender.</u>

29. This case is riddled with absolute lies, unfairness, racial disparities, and injustices.

30. How can this court rely on the statements of calculating attorneys using "abusive processes" to deprive plaintiff of her due process?

31. The Attorneys have deceptively ignored and violated the courts "Initial Standing Orders" (Docket 6) and were never disciplined.

32. The Attorneys conspired in email communication with County Council (Vanessa Atkins) to unlawfully remove Plaintiff from her home.

33. The Attorneys unlawfully invoked State Court, Civil Codes and Procedure (CCP) § 1161(a)(b)(3) to an Unlawful Detainer Court before meeting the "Statutory scheme requirements" of CCP §2924 ET SEQ. (*Dr. Leevil, LLC v. Westlake Health Care Center*). The concealment of these facts is an "abuse of process" [Emphasis added].

34. The Attorneys have misled the courts and presented the defective "Trustee's Deed Upon Sale" in violation of CCP §§2924h (c) [64 days late] and 2015.5 *Kulshrestha v. First Union Commercial, Supreme Ct.*: Fraud cannot convey title to a bone fide purchaser. The chain of title must be made perfect, herein this case, it has failed.

35. Mindful, Defendants have yet to bring the entire record from the state court.

36. Plaintiff believes there are severe injustices and due process violations in dispute.

37. Plaintiff reserves all rights to challenge "Subject Matter Jurisdiction" and does not waive any claims or causes for action.


"Justice delayed, is justice denied."


Dated: January 28, 2021          /s/ Cynthia L. Brown

_____

CYNTHIA L. BROWN
Plaintiff, Pro se

5

**EXHIBIT 1**

**EXHIBIT 1**

IMPROPER SERVICE

**Page 1**

Andrew J. Mase, Bar No. 300680
Tadeusz McMahon, Bar No. 304699
THE RYAN FIRM
A Professional Corporation
2603 Main St., Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant The Bank of New York Mellon, Formerly Known as the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2

## IN THE CENTRAL DISTRICT OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Cynthia L. Brown, | CASE NO.: 8:20-cv-01922-JLS-DFM |
| Plaintiff, | Date Action Filed: September 11, 2020 |
| vs. | Assigned to Hon. Josephine L. Staton |
| BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC. BEAR STEARNS ALT-A TRUST 2006-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2, and DOES 1-100, inclusive, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:       June 4, 2021<br>Time:      10:30 a.m.<br>Dept.:      10A<br><br>Trial Date:   None Set. |
| Defendants. | |

1

**Page 2**

Defendant The Bank of New York Mellon, Formerly Known as the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("Defendant" or "BONYM") submits the following request for judicial notice in support of its Motion for Judgment on the Pleadings as to plaintiff Cynthia L. Brown's ("Plaintiff") Complaint.

| | |
|---|---|
| "1" | "Judgment for Possession," entered on August 2, 2017, in *The Bank of New York Mellon v. Brown*, Case No. 30-2016-00861086-CL-UD-CJC. |
| "2" | "Opinion," by the Appellate Division of the Orange County Superior Court in the matter of *The Bank of New York Mellon v. Brown*, Case No. 30-2017-00942891, dated March 11, 2020. |
| "3" | "Trustee's Deed Upon Sale," recorded in the Official Records of Orange County on January 5, 2016, as Document No. 2016000003031. |
| "4" | "Opinion," by the California Court of Appeal, in the matter of *Brown v. Foegelman et al.*, Case No. 31-2008-00113526, dated March 10, 2015. |
| "5" | "Opinion," by the California Court of Appeal, in the matter of *Brown v. Bank of New York Mellon*, Case No. 30-2017-00928877, dated June 3, 2020. |
| "6" | "Register of Actions," as of December 1, 2020, for *The Bank of New York Mellon v. Brown*, Case No. 30-2016-00861086-CL-UD-CJC. |
| "7" | "Brown's Opposition to Motion for Summary Judgment," filed on June 19, 2017, in *The Bank of New York Mellon v. Brown*, Case No. 30-2016-00861086-CL-UD-CJC. |

2

**Page 3**

| | |
|---|---|
| "8" | "Brown's Motion to Set Aside Judgment," filed on July 27, 2017, in *The Bank of New York Mellon v. Brown*, Case No. 30-2016-00861086-CL-UD-CJC. |
| "9" | "Order," issued by the court in in *The Bank of New York Mellon v. Brown*, Case No. 30-2016-00861086-CL-UD-CJC, dated September 28, 2020. |
| "10" | Brown's "Verified Complaint," filed on June 28, 2017, in the matter of *Brown v. Bank of New York Mellon*, Case No. 30-2017-00928877 |
| "11" | "Notice of Ruling," filed on November 28, 2017, in the matter of *Brown v. Bank of New York Mellon*, Case No. 30-2017-00928877 |
| "12" | "Remittitur," filed on September 11, 2020, in the matter of *Brown v. Bank of New York Mellon*, Case No. 30-2017-00928877. |

Defendant respectfully requests that the Court take judicial notice of the forgoing documents pursuant to *Federal Rule of Evidence 201*. The documents are of common knowledge not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy. True and correct copies of the documents are attached hereto and incorporated herein by reference.

///
///
///
///
///
///
///

3

**Page 4**

DATED: January 7, 2021

THE RYAN FIRM
A Professional Corporation

By:   /s/ Tadeusz McMahon
      TIMOTHY M. RYAN
      ANDREW J. MASE
      TADEUSZ MCMAHON
      Attorneys for Defendants Bank of
      New York Mellon, Formerly Known
      as the Bank of New York as Successor
      in Interest to JP Morgan Chase Bank,
      N.A. as Trustee for Structured Asset
      Mortgage Investments II Inc. Bear
      Stearns ALT-A Trust 2006-2,
      Mortgage Pass-Through Certificates,
      Series 2006-2

4

RECEIVED

MAR 1 6 2020

APPELLATE DIVISION
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

THE BANK OF NEW YORK
MELLON,

    Plaintiff and Respondent,

    v.

CYNTHIA L. BROWN,

    Defendant and Appellant.

30-2017-00942891

(Super. Ct. No. 30-2016-
00861086)

OPINION

Appeal from a judgment of the Superior Court of Orange County,
Central Justice Center, Timothy J. Stafford, Judge. Affirmed.

    *   *   *

    Plaintiff The Bank of New York Mellon emerged as the prevailing party
in an unlawful detainer action filed against defendant Cynthia L. Brown. On
appeal, defendant complains the trial court erred in granting plaintiff's
motion for summary judgment, the trial court lacked subject matter
jurisdiction, the complaint is defective, the trial court demonstrated bias, and
defendant's equal protection and due process rights were violated. We
disagree and affirm.

---

BACKGROUND

    In its verified complaint, plaintiff alleged it purchased the real property
commonly known as 17841 Lincoln Street, Villa Park, California 92861 at a
trustee's sale held in compliance with Civil Code section 2924[1] and its title
was duly perfected. The complaint also states plaintiff served defendant with
a three-day notice to quit, and defendant declined to deliver possession of the
property after three days. Copies of the recorded trustee's deed upon sale,
the notice to quit, and proof of service of the notice to quit were attached to
the complaint.

    In the verified complaint, Leslie M. Klott states: "I am one of the
attorneys for The Bank of New York Mellon. . . . Plaintiff is absent from the
county of Orange, California, in which my office is located and I make this
verification for and on behalf of Plaintiff for that reason. I have read the
pleading and I am informed and believe the matters contained herein are
true on that ground allege the matters stated are true. . . ."[2]

---

[1] Preliminarily, it is important to note we do not write on a clean slate here.
As stated by the Court of Appeal, Fourth Appellate District, Division Three in
Brown v. Feigelson (March 10, 2015, G048422) [nonpub. Opn.]) at footnote
one, "[t]he allegations of wrongdoing against other defendants in this case are
serious and the record before us suggests that someone must have defrauded
Brown. But, by stating the facts as accepted by the parties to this appeal for
purposes of summary judgment, we do not intend to convey the impression
that these allegations have been proven against any particular individual.
Similarly, although we find the record before us suggests someone must have
defrauded Brown, and Brown may be entitled to rescind any contracts with
the alleged con artists, we simply cannot find plaintiff – or its predecessor-in-
interest – did anything wrong.

[2] All further statutory references are to the Civil Code unless otherwise
indicated.

2

---

    Defendant's verified answer states, in relevant part: "Plaintiff's claim
to ownership of Defendant's property is solely based on a fraudulent and
forged Deed of Trust. . . . This Deed of Trust was illegally created by Craig
Ronald Dimond. . . ."

    Plaintiff moved for summary judgment, contending it met its prima
facie burden, and it was entitled to judgment as a matter of law. Specifically,
plaintiff noted the complaint was properly verified, the trial court had subject
matter jurisdiction, and defendant should be estopped from alleging the deed
of trust was void, based on prior admissions made in a separate unlimited
civil action. In support of its motion, plaintiff requested the court to take
judicial notice of certified copies of the deed of trust, the assignment of deed
of trust, the second assignment of deed of trust, the substitution of trustee,
the notice of default, the notice of trustee's sale, and the trustee's deed upon
sale. Plaintiff also submitted a copy of the three-day notice to quit and proof
of service, as well as the summons and verified unlawful detainer complaint
and proofs of service.

    Along with these documents, plaintiff submitted a copy of the fifth
amended complaint entitled Brown v. Osmon, a case filed by defendant in
Orange County Superior Court case number 30-2008-00113526 (Unlimited
Civil Action). In that action, defendant sought to rescind the deed of trust,
asserting causes of action for cancellation of instruments and quiet title
against plaintiff. In essence, defendant claimed alleged con artist Craig
Dimond defrauded her of money and was linked to an $880,000 loan from
lender Home Loan Mortgage Corporation. The trial court granted plaintiff's
motion for summary judgment on the fifth amended complaint and the Court
of Appeal affirmed the judgment.

3

---

    Along with the other documents, plaintiff submitted a copy of the
opinion from the Court of Appeal affirming the trial court order granting
plaintiff's motion for summary judgment in the Unlimited Civil Action. In its
opinion, the Court of Appeal stated: "The problem for Brown is that she
signed the HLM note and deed of trust (i.e., they were not forged). . . .
Certainly, Brown is entitled to rescind and cancel any contracts with the
alleged con artists. But the $880,000 note and deed of trust are not void."
The Court also stated: "[T]here is no evidence that Mellon or its predecessor-
in-interest HLM did anything wrong."

    Defendant opposed plaintiff's motion for summary judgment,
contending plaintiff failed to meet its initial burden, and failed to address
defendant's affirmative defenses. She submitted a declaration stating she
was the victim of identity theft, and the title documents were unlawfully
recorded. Defendant also submitted a request for judicial notice of a cease
and refrain order issued by the Department of Business Oversight, a letter
issued by the Clerk-Recorder's Office for the County of Orange, a deed of
trust with assignment of events recorded on December 9, 2005, an assignment
of deed of trust recorded on August 1, 2008 and letters issued by the Notary
Public Section of the Business Programs Division of the Secretary of the
State of California, as well as a letter issued by Fidelity National Title to
Defendant in response to her claim of forgery of the deed of trust.

    At the trial court's request, the parties submitted supplemental
briefing on the issue of collateral estoppel regarding the validity of the
trustee's deed upon sale. The court later granted plaintiff's motion for
summary judgment, finding plaintiff met its initial burden, and defendant
has failed to produce evidence sufficient to raise a triable issue of material
fact. Plaintiff's request for judicial notice was granted in its entirety. The

4

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 2

# EXHIBIT 2

**EXHIBIT 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**EXHIBIT 2**

PHOTOS
[Attorneys' and Unplugged Devices]

7





## PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. My name is Sherry Hernandez, the address is P.O. Box 1064, Apple Valley, CA  92307

On January 28, 2021, I served the within document(s) described as: **DECLARATION OF CYNTHIA L. BROWN RE DECLARATION OF TADEUSZ MCMAHON RESPONDING TO PLAINTIFF'S RESPONSE TO THE OSC SANCTIONS SCHEDULED FOR JANUARY 29, 2021** on the interested parties in this action:

by transmitting via electronic mail, the document(s) listed above to the email. addresses provided by server.

| Name & Address | Telephone / Fa x / Email | Role |
|---|---|---|
| Timothy Ryan<br>Tadeusz McMahon<br>Andrew Mase<br>2603 Main St, Suite 1225,<br>Irvine, CA 92614. | (949) 263-1800<br>Fax (949) 872-2211 | Defendants Attorneys |

☒ **CM/ECF** (U.S. District Court, Central District of California, Local Civil Rule 5-3.3)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above?

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2021, at ORANGE, California.

/S/ Cynthia L. Brown
CYN THIA L. BROWN

8